Domestic Petroleum, Inc. *vs.* C. L. Guild Construction Co., Inc.

FEBRUARY 6, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

Condon, C. J. This is an action of trespass on the case for negligence which was tried to a jury in the superior court and resulted in a verdict for the defendant. The case is here on the plaintiff's bill of exceptions to the trial justice's

denial of its motion for a new trial, to portions of his charge to the jury and to certain evidentiary rulings.

The plaintiff's declaration is in two counts, the first in negligence and the other in trespass. In the first count it alleges in substance that its building situated at No. 540 Smith street in Providence was damaged by a pile-driving operation negligently conducted by defendant on the premises of the Great Scott market at No. 539 Smith street on or about December 1, 1957. In the second count it alleges that a trespass was committed on its premises by defendant in the manner it conducted such pile driving. To each count defendant pleaded the general issue and the case proceeded to trial thereon.

In accordance with the averment in the declaration plaintiff sought to prove that its building which was in good condition prior to December 1, 1957 was seriously damaged by the concussion or vibration of pile driving being conducted across Smith street on the premises of the Great Scott market. Albert Neri, president, treasurer and sole owner of plaintiff corporation, testified that defendant was engaged in pile driving in late December of 1957 or early January of 1958, and that at such time he first noticed the defects appearing in his building. On this point he was positive to the extent of claiming that prior thereto there was not a crack in his building and that he had inspected it daily since it was built in 1951. He further testified that upon noticing the defects he engaged Eugene Castellucci, a registered professional engineer, to inspect the building.

Mr. Castellucci testified that he inspected it in January 1958 and reported that he found cracks in the walls, floors, ceilings and exterior masonry; that such cracks were new as of that date; and that, in his opinion, the cause thereof was consistent with pile driving in the vicinity. He further testified that he determined solely from his inspection, without the benefit of information from Mr. Neri, that the

cracks were new and had developed within two weeks or at most a month before his inspection. Upon being pressed on this point in cross-examination, he reiterated that the cracks were clean and free from foreign matter and that they appeared to him to be new, that is, of very recent occurrence.

Anthony Viola, Jr., a building contractor who was hired by plaintiff to estimate the cost of repairs, inspected the building and also examined the written report of engineer Castellucci. He concluded therefrom that the cracks were new and that a considerable amount of repairs would be necessary. After he had testified as to his experience as a building contractor plaintiff sought his opinion as to whether the cause of the cracks was consistent with pile driving in the vicinity, but on the objection of defendant he was not allowed to answer.

The plaintiff's foreman, Clifton Lewis, testified that he always checked the building before leaving at the end of the workday and that he had found everything all right. He further testified that he first noticed a change sometime in December 1957. He believed that pile driving was in progress across the street at that time.

There was other testimony concerning details of the necessary repairs, various methods of pile driving, whether defendant's method was the appropriate one in the circumstances, and the condition of the soil in the area where plaintiff's building is situated. For our purposes, as will hereinafter appear, it does not appear to be necessary to discuss such testimony at length here.

At the conclusion of plaintiff's evidence defendant moved for a nonsuit. The trial justice denied the motion and thereupon defendant presented the following evidence. Richard Moulton, its engineer in charge of the pile-driving job, testified that the first pile was driven on August 29, 1957 and the last on September 4, 1957. He also testified that before starting the job he made soil borings and deter-

mined therefrom the method of pile driving to be used. He decided that the method which he adopted was appropriate to the soil condition and that its use would not harm the existing building of the Great Scott market, to which an addition was to be built. He further testified that before he started the pile driving he noticed some old cracks in that building and that after such driving was completed, although forty-eight piles had been driven and four of them within four feet thereof, no new cracks had appeared. Several other witnesses corroborated Mr. Moulton's testimony that no piles were driven after September 4, 1957. At the end of the trial such testimony remained uncontradicted.

Chester E. Browning, a registered professional engineer, was engaged by defendant to inspect plaintiff's building and to investigate the original condition of the soil on which it is located. He testified that he had inspected the cracks complained of and that in his opinion they were not caused by vibration resulting from pile driving. He attributed the cracks and the settlement of the garage floor and the adjacent sidewalk to other probable causes, none of which was in his opinion related to pile driving. He further testified that the pile-driving method used by defendant was an appropriate one in the circumstances. On the whole his testimony concerning the causation of the defects in plaintiff's premises was contradictory to that of plaintiff's witness Castellucci.

Under its exceptions 2, 3, 4, 6, 7, 8, 9 and 10 plaintiff contends that the trial justice's exclusion of certain evidence constituted prejudicial error. It also argues under exceptions 11 and 12 that such error resulted from two portions of the charge to the jury. In its brief it has discussed these exceptions in four groups.

Exceptions 7 and 8 in the first group relate to the exclusion of certain expert opinion testimony which plaintiff sought to elicit from its witness Viola. Such exceptions are clearly without merit. Without first attempting to qualify

the witness as an expert in the subject matter of the question plaintiff asked, "Now, in the — in your inspection of the damage, do you have an opinion as to whether that type damage was consistent with being proximately caused by concussion in pile driving?" Manifestly in the absence of such qualification, opinion testimony was inadmissible and the trial justice was justified in peremptorily excluding it without comment.

Thereupon plaintiff proceeded to establish the experience of the witness as a building contractor with the type of repairs needed on its building, his knowledge of pile driving generally, and the resulting consequences to buildings in the vicinity thereof. He was then asked the following question: "Now, I will ask you, do you have an opinion based upon your examination and experience, as to whether or not the damage which you saw and appraised was consistent with having been caused by concussion from pile driving in the vicinity?" Whether on the showing thus made the witness was qualified to express an opinion rested in the discretion of the trial justice which this court would not disturb except for abuse. *Loughran* v. *DelSanto*, 79 R. I. 150. In our opinion the question was one involving some knowledge of engineering and not merely experience as a building contractor. The trial justice did not abuse his discretion in excluding it. Exceptions 7 and 8 are therefore overruled.

The second group includes exceptions 3, 4 and 6 which relate to the trial justice's refusal to admit engineer Castellucci's written report of his inspection as a full exhibit. The plaintiff asserts that the most important part of the report "setting forth the causes of the damage and conclusions" was erroneously excluded. The witness had testified fully as to his opinion with reference to those matters. His written report setting forth such opinion would add nothing new to his testimony but would be merely cumulative. In the circumstances the trial justice was not

bound by G. L. 1956, §9-19-13, to admit the report as a transaction made in the regular course of business. Exceptions 3, 4 and 6 are overruled.

The third group consists of exceptions 9 and 10 to the exclusion of the following questions to witness Viola concerning not plaintiff's building but the original Great Scott market building: "Now, that original building that you constructed, with the footing, was it stable? Did it stand up?" "That building, were you called on, or to your knowledge was anyone called upon to make repairs to it over the years since you built it?" In our opinion plaintiff takes nothing by these exceptions. The testimony which such questions were designed to elicit had no relevance to the issue on trial and the trial justice did not err in excluding them. Exceptions 9 and 10 are overruled.

The remaining exceptions 2, 11, 12, 1 and 5 comprise the fourth group. However, exceptions 1 and 5 have been expressly waived. Exceptions 11 and 12 relate to the trial justice's charge wherein he instructed the jury to disregard plaintiff's claim for depreciation and to forget any reference thereto in plaintiff's bill of particulars because there was no evidence before them upon which such a claim could be based. In our view whether such instruction was erroneous is of no consequence in the posture that the case comes to us for review, since by their verdict in favor of defendant the jury never reached the issue of damages. For such reason exceptions 11 and 12 are overruled.

Exception 2 relates to the exclusion of the following question addressed to witness Neri: "Are you operating it as efficiently and conveniently as you were before the pile-driving incident?" The purpose of the question was apparently to elicit evidence of permanent damage done to plaintiff's building with particular reference to efficient operation notwithstanding the repairs which had been made. In our opinion the question was relevant, if at all, only on the issue of damages and therefore if its exclusion were

erroneous it was harmless error since the jury did not reach that issue. Exception 2 is therefore overruled.

The plaintiff's exception 13 is to the trial justice's denial of its motion for a new trial. It contends that in considering the motion he did not follow the rule laid down in *Wilcox v. Rhode Island Co.*, 29 R. I. 292, but adopted a rule of his own making whereby he disregarded the jury's verdict and made his own findings on the evidence. After reading his decision we do not so construe his attitude. On the contrary it appears therein that he expressly stated he was following *Wilcox* and that in accordance therewith he was exercising his independent judgment of the evidence to determine whether the verdict was contrary to the weight of the evidence. Since we are of the opinion that he performed his duty according to law we will not disturb his decision unless on our view of the evidence it is clearly wrong. We have carefully examined the transcript and have found nothing therein that would warrant us in holding that he was clearly wrong in approving the jury's verdict. On the contrary we are of the opinion that the weight of the evidence supports the verdict and that the jury in reaching it applied to the evidence the law given to them by the trial justice.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Aram A. Arabian,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for defendant.