228 A.2d 861.

FRANK DIMAIO *vs.* DOROTHY M. DEL SESTO.

JAMES J. DIMAIO, *p.a. vs.* DOROTHY M. DEL SESTO.

APRIL 19, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These are two actions of trespass on the case for negligence, brought by a father as next friend to recover damages for personal injuries sustained by his minor son and on his own behalf for consequential damages. The cases were tried together before a superior court justice sitting with a jury, which returned verdicts for the defendant. They are before us on each plaintiff's bill of exceptions, but for the reasons that our decision in the case of the minor son will also be dispositive of that of the father, we shall consider the exceptions in the case of the minor son only.

The undisputed evidence discloses that the injuries arose out of an automobile-bicycle collision on Scituate avenue

in the city of Cranston on July 25, 1964 at approximately 3:30 in the afternoon. The weather conditions were ideal and the highway was dry.

It is also uncontradicted that just prior to the accident, plaintiff James J. DiMaio, who was nine years old at the time and who lived on the southerly side of Scituate avenue, had ridden his bicycle from his home across Scituate avenue in a northeasterly direction to a mail box some 75 feet east of the DiMaio home and on the northerly side of Scituate avenue. Said avenue is approximately 50 feet in width.

The testimony of the parties as to how the collision occurred, however, is sharply contradictory. The plaintiff testified that after leaving the mail box, he proceeded easterly along the northerly line of Scituate avenue for a distance of something less than 75 feet, stopped while two motor vehicles passed, looked to his left and his right, observed no traffic and then turning to his right started to cross the avenue to the southerly side. Continuing, he testified that about half way across, he heard the screech of brakes of a car that he did not see, applied the hand brakes of the bicycle, took one foot off the pedals placing it on the ground to maintain his balance, and was struck.

His mother, who testified that she witnessed the entire incident from the driveway of their home, corroborated plaintiff's testimony in every detail. The police officer who later that evening talked to plaintiff and both his parents did not recall the mother stating at that time that she had been a witness to the accident and his report contained no such reference.

In her testimony given at the trial, plaintiff's mother stated that her son was well across Scituate avenue when the operator of defendant's car came over the brow of the hill and passed her at a fast rate of speed.

Robert M. Del Sesto, defendant's son, and operator of

the car involved, testified that Scituate avenue slopes from just west of plaintiff's home to an intersection with Phoenix avenue where there is a traffic stop sign, a distance of some 500 feet. He stated that as he started down said slope, he reduced his speed from 25 miles an hour because of the stop sign; that he observed plaintiff on his bicycle also traveling easterly but on the left-hand side of the road; that the boy was some four to five car lengths in front of him; and that he suddenly made a sharp turn to his right, headed in the direction of defendant's car.

The operator further testified that he applied his brakes and stopped within a car length and a half; but plaintiff, making no effort to stop, struck defendant's car on the left side about at the driver's door, just beyond the rearview mirror. All of the evidence, including pictures admitted as exhibits, establish that this was the point of impact with the car.

Marie Lavorante, a passenger in defendant's car, more or less corroborated the driver's testimony as to where and how the collision occurred, tended to contradict plaintiff's evidence of screeching brakes, but did not see plaintiff until just before he struck the car.

In any event, the jury returned verdicts for defendant, and plaintiff in support of his bill orally argued and briefed thirteen exceptions. Eleven of these are to evidentiary rulings and none of them has merit.

Without unduly extending this opinion we note that several of these exceptions were to the sustaining of defendant's objections to questions asked by plaintiff who then made no offer of proof, *Arden Engineering Co.* v. *E. Turgeon Constr. Co.*, 97 R. I. 342, 197 A.2d 743; one was to the admission of pictures taken of the car, plaintiff's objections being to statements by the trial justice made in explanation of his ruling to the jury, the context of which is in nowise prejudicial to plaintiff; another relates to the

exclusion of medical testimony and since the jury never reached the question of damages it is immaterial that the testimony was not admitted, *Domestic Petroleum, Inc.* v. *C. L. Guild Constr. Co.*, 97 R. I. 262, 197 A.2d 295; still another was to the refusal of the trial justice to admit the investigating police officer's report in toto, because some of its contents were hearsay. Its exclusion, unexplicated, was correct. *Gencarella* v. *Fyfe*, 1 Cir., 171 F.2d 419.

Several other exceptions were taken to the rulings of the trial justice in admitting or excluding statements of the witnesses, but the arguments made in support thereof are directed to the comments of the trial justice, all of which we find to be proper, as were the rulings, when the merits thereof are considered.

The plaintiff also excepted to the denial of his request for a view and in argument coupled this exception with another taken to the trial justice's admitting into evidence a picture of the highway taken more than a year after the accident. It is well settled that the taking of a view is addressed to the discretion of the court and, if in his judgment, a view will not aid or is not necessary to assist the jury in understanding the evidence, the trial justice's denial of such a request is rarely if ever open to question. See *Ajootian* v. *Director of Public Works,* 90 R. I. 96. In the instant case plaintiff did not make his motion until the last day of the trial and the comments of the trial justice in ruling thereon clearly demonstrate that a view would have served no worthwhile purpose.

The essence of plaintiff's argument in support of his exception to the admission of the picture of the highway is that it was patently unfair for the jury to take into consideration what he terms the changed conditions relating to the highway in contrast with those existing at the time of the accident. It should be observed that the changed conditions were prevailing at the time the view would have

been taken. However, although the picture was admitted on the same day and subsequent to the denial of plaintiff's request for a view, it was confined to the immediate area of where the collision occurred and was admitted solely for the purpose of pinpointing that area. Even if it might well have been excluded, its admission was not prejudicial to plaintiff.

The plaintiff's remaining exception is to the denial of his motion for a new trial. In support thereof, he argues that in considering such motion the trial justice did not exercise his independent judgment in passing on the weight of the evidence and on the credibility of the witnesses as he is required to do, citing *Martinelli* v. *Steiner,* 84 R. I. 339. Rather, plaintiff contends, the trial justice in effect merely adopted what he assumed to be the findings on which the jury based its verdict. In so doing, plaintiff argues, the trial justice failed to discharge his duty in accordance with our well-settled rule.

We are in full accord with the principle on which plaintiff relies. In *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836, this court took occasion to discuss at length the nature of a trial justice's duty in passing on a motion for a new trial as well as the burden imposed on him in the discharge thereof, and reaffirmed the rule as laid down in *McMahon* v. *Rhode Island Co.,* 32 R. I. 237, *Noland* v. *Rhode Island Co.,* 30 R. I. 246, and *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292.

In the instant case, however, plaintiff misreads the import of the language contained in the trial justice's decision. It is apparent therefrom that in the exercise of his independent judgment the trial justice concluded that the jury's verdict could be supported on the issue of contributory negligence. He points to the evidence relating thereto and comments on the credibility as well as the conduct of the witnesses whose testimony goes to the very heart of

plaintiff's disregard of his own due care, and makes it abundantly clear that in his independent judgment the jury's verdict was supported by the evidence and the inferences to be drawn therefrom. Having reached this conclusion, he correctly held that the verdict should not be disturbed. *Barbato* v. *Epstein, supra.*

Even so, plaintiff further argues, the trial justice both misconceived and overlooked material evidence, and for these reasons his decision failed to respond to the true merits of the controversy and does not do justice between the parties. In support of this contention he calls our attention to certain evidence not considered by the trial justice, which evidence is admittedly contradictory to that relied on by the trial justice in denying the motion for a new trial. The failure to refer to other evidence contradictory to that on which the trial justice relied, however, does not constitute misconceiving or overlooking material evidence, if the trial justice refers to the evidence on which he did rely and in so doing clearly indicates that evidence to the contrary is rejected by him.

We have carefully reviewed and analyzed the testimony that plaintiff claims to have been either misconceived or overlooked by the trial justice and are of the opinion that there is no merit to his contentions in this regard. Having neither overlooked nor misconceived such evidence, the findings of the trial justice are entitled to great weight and in our judgment should not be disturbed, his decision not being clearly wrong. *Calci* v. *Brown,* 95 R. I. 216.

All of the plaintiffs' exceptions are overruled, and the cases are remitted to the superior court for entry of judgment on the verdict in each case.

*Bernard C. Gladstone,* for plaintiff.

*Gunning & LaFazia, Bruce M. Selya,* for defendant.