The **COCA–COLA COMPANY**, a corporation, Plaintiff,

v.

**KELLY'S TAUNTON AVENUE, INC., Kelly's Broad Street, Inc., Kelly's Olneyville, Inc., Kelly's North Main Street, Inc., Kelly's Warwick, Inc., and T. Anthony Ryan, Individually and as President of the Foregoing Corporations and Vincent J. Ryan, Individually and as Secretary and Treasurer of the Foregoing Corporations, Defendants.**

**Civ. A. No. 4039.**

United States District Court
D. Rhode Island.

Jan. 8, 1970.

Guy J. Wells, of Hinckley, Allen, Salisbury & Parsons, Providence, R. I., Julius Lunsford, Jr., Atlanta, Ga., for plaintiff.

Owen P. Reid and Edward J. Regan, of Graham, Reid, Ewing & Stapleton, Providence, R. I., for defendants.

## OPINION

DAY, Chief Judge.

In this action the plaintiff seeks injunctive relief against each of the defendants and an accounting of profits allegedly made by each of them, attorneys' fees and costs. Jurisdiction of this Court is based upon the provisions of the trade-mark laws of the United States, viz: The Trade-Mark Act of July 5, 1946; 60 Stat. 427; 15 U.S.C. § 1051, 28 U.S.C. § 1338 and upon the provisions of 28 U.S.C. § 1332.

In its complaint the plaintiff alleges that it manufactures and sells throughout the United States, including the State of Rhode Island, and in foreign countries, a soft drink syrup and beverage made therefrom under its trade-marks "Coca-Cola" and "Coke" which trade-marks are registered in the United States Patent Office and in the State of Rhode Island. Plaintiff also alleges that it has expended large sums of money in advertising said soft drink syrup and the beverage made therefrom; that said soft drink beverage, sold under its trade-marks, has become well and favorably known by the trade and the public; and that its trade-marks have acquired a distinctiveness and are the means by which said soft drink beverage is identified by the trade and the public with plaintiff and its business.

Plaintiff further alleges that defendants in response to orders for Coca-Cola and Coke pass off at their respective places of business, without explanation or comment, a beverage similar in appearance to plaintiff's beverage and have deceptively substituted said beverage on orders for the plaintiff's product and that said acts of substitution infringe the plaintiff's trade-marks and constitute unfair competition with the plaintiff, resulting in unjust enrichment of the defendants and damages to the plaintiff.

Plaintiff seeks a permanent injunction "enjoining the defendants, their agents, attorneys, employees, servants, representatives, successors and assigns, and any and all persons acting by or under their authority, from passing off or substituting a soft drink of another's manufacture without explanation in response to calls or orders for Coca-Cola or Coke or doing any other acts likely to infringe plaintiff's registered trade-marks 'Coca-Cola' and 'Coke' or committing any other acts of unfair competition against the plaintiff" and an accounting of profits

by the defendants, attorneys' fees and costs.

This matter is now before me upon the motion of the plaintiff, filed under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., for the entry of a summary judgment in its favor granting the relief sought in its complaint. In support of said motion plaintiff relies upon numerous affidavits of its trade-examiners, so-called, who assert therein that the defendants on certain specific dates have substituted in response to orders by them for Coca-Cola or Coke another beverage similar thereto without comment or explanation, and the depositions of several of the present or former managers of the defendant corporations and of their Treasurer, T. Anthony Ryan. No counter-affidavits have been filed by the defendants.

■ It is well settled that under Rule 56(c) of the Federal Rules of Civil Procedure a summary judgment should be entered only when it clearly appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L. Ed.2d 458; Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Washington Post Company v. Keogh, 1966, 125 U.S.App. D.C. 32, 365 F.2d 965, 20 A.L.R.3d 972; William J. Kelly Co. Inc. v. Reconstruction Finance Corporation, 1949, 1 Cir., 172 F.2d 865. The absence of any genuine issue of material fact must be clear and all doubts with respect thereto must be resolved in favor of the party opposing such motion for summary judgment. Poller v. Columbia Broadcasting System, Inc., supra; Parlane Sportswear Co., Inc. v. United States, 1966, 1 Cir., 359 F.2d 974; Manganaro v. Delaval Separator Co., 1962, 1 Cir., 309 F.2d 389; Girard v. Gill, 1958, 4 Cir., 261 F.2d 695.

■ Examination of said affidavits and depositions filed in support of the plaintiff's motion reveals a substantial dispute as to the material facts in this case. Although plaintiff's trade examiners and two former managers of certain of the defendants who had previously been discharged by their employers state in their respective affidavits and depositions that substitutions of another beverage for Coca-Cola and Coke occurred frequently at the places of business of the defendant corporations, their Treasurer, who directed their operations, and the present managers thereof, whom plaintiff saw fit to examine, deny that such substitutions occurred. In addition, it is clear from the deposition of one of the said former managers that he is hostile to the defendants.

Under the circumstances, the question of the credibility of said affiants and deponents presents a factual issue that precludes the entry of summary judgment in favor of the plaintiff. The credibility and weight to be given to their statements can be determined only after a trial where they will be subjected to cross-examination. Sartor v. Arkansas Natural Gas Corp., supra; Cram v. Sun Insurance Office, Ltd., 1967, 4 Cir., 375 F.2d 670; United States v. United States Marketing Association, 1961, 8 Cir., 291 F.2d 851; Colby v. Klune, 1949, 2 Cir., 178 F.2d 872. In Sartor v. Arkansas Natural Gas Corp., supra, the Supreme Court at page 628 of 321 U.S. at page 729 of 64 S.Ct. said that summary judgment may not be used to "withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony."

Accordingly, the plaintiff's motion for summary judgment in its favor must be and it hereby is denied.