337 A.2d 814.

ANTHONY F. CENTRACCHIO *et ux. vs.* NARRAGANSETT REDEVELOPMENT AGENCY.

MAY 22, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This petition for the assessment of damages for the taking of a parcel of real estate by the Narragansett Redevelopment Agency was brought by the owners of the parcel pursuant to G. L. 1956 (1970 Reenactment) §45-32-34. A Superior Court jury assessed damages at $185,000, plus interest. The respondent filed a motion for a new trial which was denied, and judgment was entered in the amount assessed by the jury. The case is now here on the respondent's appeal from the judgment.

The petitioners' property was located at the intersection of Brown and Caswell Streets in the town of Narragansett and consisted of nine duplex houses, two multifamily houses, and an eight-room ranch house, all situated on a lot slightly over an acre in size. Each building was separately platted and had its own sewerage and utility connections. Five of the duplexes and all of the other buildings had direct access to public ways; the other four duplexes fronted on an unofficial right-of-way running through the center of the parcel. On February 17,

1971, the property was condemned. When the parties were unable to agree on the value of the property, petitioners instituted this action in the Superior Court for the assessment of damages.

During the course of the trial, evidence as to the fair market value of the property at the time of the taking was introduced by both parties through the use of expert witnesses. The petitioners' expert, J. Clifden O'Reilly, Jr., testified that he used the comparable sales approach to arrive at his estimate of fair market value. He first noted, however, that he could find no sale of a single property comparable to the subject parcel with its variegated structures. Therefore, he located properties similar to each individual building on the subject parcel, and after the necessary adjustments, he cumulated their sales prices for a total of $240,000. In support of this approach, he testified that it would be physically possible to divide the property into separate parcels, each with a building on it.

The respondent's expert, Peter A. Laudati, Jr., testified that he too adopted the comparative sales approach to the problem of valuation. Mr. Laudati felt that there did exist an adequate comparative for the entire parcel, and after the necessary adjustments, placed the fair market value of the subject property at $100,000. He did, however, employ an alternative method of appraisal which involved finding comparatives for each of the buildings on the parcel, totaling the various values obtained, and adjusting this figure downward by one-third on the ground that the parcel in question should be treated as a single entity.

The respondent assigns two points of error. The first point is that the trial justice improperly denied its motion to strike all the testimony of Mr. O'Reilly which related to the value of the property in question.

The respondent appears to suggest that this testimony should be stricken on either of two grounds: first, that the method of appraisal is suspect as there has been no showing that the separation of individual buildings is either economically or legally feasible; and second, that where a parcel is under one ownership it should necessarily be regarded as a single entity. Regarding this latter ground, prior ownership or use is at best only indirectly relevant to the basic question of fair market value. Certainly the mere assertion that the parcel has always been considered as an entity is insufficient to warrant the striking of Mr. O'Reilly's conclusions as to fair market value.

As for the first ground suggested, the cumulation of individual comparatives to reach an estimate of fair market value for the whole parcel would seem to be a reasonable method of appraisal, at least where there was no recent sale of multi-structured property clearly comparable to petitioners' property, and where it could be shown that the subject parcel was susceptible of physical division. Indeed, respondent's expert exp'icitly admitted the validity of this approach by adopting it as an alternative method of appraisal.

It would thus appear that respondent objects not so much to the method of valuation but more to the actual value determined. Unfortunately, respondent completely fails to specify why the figure testified to by Mr. O'Reilly is inappropriate in the instant case. There is some suggestion in the record that respondent was of the opinion that the local zoning ordinance barred the division of petitioners' property into individual lots. It is settled law in Rhode Island, however, that a zoning ordinance does not determine whether a property may be legally subdivided for sale. *Kane* v. *Zoning Bd. of Review*, 97 R. I. 152, 196 A.2d 421 (1964); *Noonan* v. *Zoning Bd. of Review*, 90 R. I. 466, 159 A.2d 606 (1960). In these circumstances, where

respondent did not offer any substantial arguments as to why petitioners' estimation of fair market value is necessarily fallacious, the trial justice did not err in denying respondent's motion to strike.

The respondent's second assignment of error is that it was improper for the trial justice to grant petitioners' motion to strike Mr. Laudati's testimony that the value of each individual building as determined by comparative sales should be reduced by a factor of one-third because of the local zoning provisions. The trial justice incorporated this ruling into his instructions to the jury, informing it that the local zoning ordinance did not require that the parcel be sold as a unit and that it should disregard Mr. Laudati's one-third penalty. No exception was taken to this charge. The law is clear in Rhode Island that where a party fails to object to the trial justice's instructions to the jury, those instructions become the law of the case, binding both the jury in its deliberations and the trial justice in his passing on a motion for a new trial. *Carraturo* v. *Lawrence,* 107 R. I. 463, 268 A.2d 277 (1970); *Petitpas* v. *Merchants Mut. Ins. Co.,* 103 R. I. 479, 238 A.2d 750 (1968).

In these circumstances the respondent cannot now contend that the verdict was in violation of law. The trial justice therefore did not err in granting the petitioners' motion to strike Mr. Laudati's testimony as it relates to the one-third reduction in value.

The respondent's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*William J. McGair,* for petitioners.

*Marvin A. Brill, John E. Graham III,* for respondent.