**352 A.2d 643.**

Royal Glenn Powless *vs.* Pawtucket Screw Company, Inc.

MARCH 12, 1976.

Present: Paolino, Acting C. J., Joslin and Kelleher, JJ.

JOSLIN, J. The plaintiff commenced this civil action to recover the difference between the wages he received and those he alleges he should have received under an oral employment contract with the defendant. The case was tried to a Superior Court jury which returned a verdict for the plaintiff in the amount of $3,801 "Plus Lawyers' Fees & Interest." Thereafter, the plaintiff's motion for a new trial as to damages was denied, and the defendant's motion for a new trial on all issues was granted unless the plaintiff remitted as much of the verdict as was in excess of $542. The plaintiff did not file a remittitur and both parties appealed.

It appears that in late 1966 plaintiff learned that defendant was advertising in the Chicago Tribune for "cold header set up men." The plaintiff was interested in the job opportunity and he communicated by telephone with defendant's plant manager. The terms of employment offered by defendant were acceptable and plaintiff entered defendant's employ on February 6, 1967. His employment continued without interruption, although at an allegedly lower rate of pay than that promised in the telephone conversation with defendant's plant manager, until June 30, 1967, when defendant's employees went out on strike. The strike was settled on August 15, 1967 and plaintiff returned to work several weeks later. Thereafter, and until the termination of his employment on July 21, 1972, his pay was based, at least in part, on the newly negotiated union contract. According to plaintiff, however, the total was still less than that stipulated in the earlier oral agreement. While he testified that he frequently protested these allegedly continuing shortfalls in his weekly paychecks, he did not resort to legal proceedings until late 1970.

### The Plaintiff's Appeal

In submitting the case to the jury, the trial justice charged that plaintiff's claim for additional wages should

be determined separately for each of his periods of employment, one running from February 6, 1967 until the June 30, 1967 strike, and the other from the time the strike was settled until his termination on July 21, 1972. The trial justice further charged that plaintiff was entitled to be compensated for the first period as provided for by the oral employment contract and any subsequent modification, and for the second period at the rate prescribed by the union contract absent evidence of defendant's agreeing to pay something in excess thereof.

The plaintiff contends that these instructions were erroneous and that the jury should instead have been told that the rate of pay specified in the oral contract controlled during both periods. He further argues that the error was perpetuated when the trial justice relied on the guidelines enunciated in the instructions in passing on his motion for a new trial. But those challenges should have been made in the Superior Court either by objecting to the instructions given or by requesting others in the form desired. *Gingras* v. *Richmond,* 114 R. I. 115, 117, 329 A.2d 189, 190 (1974); *Nardolillo* v. *Ward Foods, Inc.,* 113 R. I. 255, 260, 319 A.2d 651, 655 (1974); Super R. Civ. P. 51(b). Because plaintiff failed to do either, the instructions given became the law of the case and were binding on the jury as well as upon the trial justice in passing on the motion for a new trial. *Centracchio* v. *Narragansett Redev. Agency,* 114 R. I. 667, 671, 337 A.2d 814, 817 (1975); *Carraturo* v. *Lawrence,* 107 R. I. 463, 466, 268 A.2d 277, 279 (1970).

The plaintiff also contends that the trial justice erred in failing to instruct the jury that he was entitled to an award of counsel fees, and in directing the clerk to ignore that part of the jury's written verdict indicating that the damages awarded should be augmented by "lawyers' fees." The jury, however, was not instructed that it could award legal fees and plaintiff neither requested such an instruc-

tion nor complained that one was not given. Hence, what we have just said concerning a jury instruction not properly challenged at the trial level becoming the law of the case and equally binding upon the trial justice as upon the jury is dispositive of this contention.

The plaintiff's only remaining assignment of error is that the trial justice erred in not granting him a new trial on the issue of damages. Essentially, that contention is premised on plaintiff's bald assertion that his version of what he should have been paid was more credible than defendant's and should, therefore, have been accepted by the trial justice. The success of that contention hinges upon plaintiff's establishing that the trial justice failed to exercise his independent judgment in resolving the evidentiary conflicts and in ascertaining where the truth lay, or that in the performance of that evaluation process he either overlooked or misconceived material evidence or was otherwise clearly wrong. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964). He has not met that burden.

## The Defendant's Appeal

The defendant contends that a verdict should have been directed in its favor because the oral employment contract upon which plaintiff's suit is predicated is unenforceable under that provision of the statute of frauds [G. L. 1956 (1969 Reenactment) §9-1-4] which bars charging "* * * any person upon any agreement which is not to be performed within the space of one (1) year from the making thereof." Consideration of that contention required the trial justice, as it does us, to view the evidence and the inferences to which it is reasonably susceptible in a light most favorable to plaintiff and without regard to its weight or the credibility of the witnesses. *Fontaine* v. *Devonis,* 114 R. I. 541, 543-44, 336 A.2d 847, 850-51 (1975); *Hone* v. *Lakeside Swimming Pool & Supply Co.,* 114 R. I. 394, 396, 333 A.2d 430, 431 (1975).

162

The evidence in this case so viewed does not directly establish the term of the employment contract. The record does disclose that although at one point plaintiff indicated that he had committed himself to the employment for at least 1 year, he subsequently responded to a question posed by the trial justice concerning the term of the oral agreement by saying that "[t]here was no question about whether I was going to stay there for six months or whether I was going to be there for ten years, no." That reply makes it apparent that even though the time of performance could have been, and indeed was, extended by the parties beyond a year, the duration of the agreement was uncertain. Such a contract is for an indefinite term, terminable by either party at will, *School Comm. v. Board of Regents for Educ.*, 112 R. I. 288, 291, 308 A.2d 788, 790 (1973); *Lamoureux* v. *Burrillville Racing Ass'n*, 91 R. I. 94, 99, 161 A.2d 213, 216 (1960), and could by possibility have been fully performed within a year from the time it was made. It is not obnoxious to the statute of frauds. *See Greene* v. *Harris*, 9 R. I. 401, 407 (1870); Annot., 104 A.L.R. 1006, 1007 (1936).

The defendant also argues that during the first period it paid the wages called for by the oral contract as modified with the plaintiff's assent, that during the second period the union contract controlled, and that a verdict should therefore have been directed in its favor. That argument ignores the plaintiff's conflicting version of what his compensation should have been. Where the evidence is conflicting on a controlling issue, a verdict should not be directed. *Fontaine* v. *Devonis; Hone* v. *Lakeside Swimming Pool & Supply Co.*, both *supra*.

The appeal of each party is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration of this case. Mr. Justice Doris did not participate.

*Guy E. Gallone*, for plaintiff.

*John D. Biafore*, for defendant.