402 A.2d 581.

MAURICE F. BENOIT *et al. vs.* JOHN H. BRADLEY.

JUNE 5, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

620

WEISBERGER, J. This is an appeal by plaintiffs Maurice and Ronald Benoit, father and son, from a Superior Court judgment dismissing plaintiffs' claims in a case in which damages were sought for personal injuries and medical expenses incurred by Ronald Benoit (Ronald) when Ronald fell from his mini-cycle after striking a pit dug by the defendant. The plaintiffs sought recovery on the alternative theories of negligence and intentional tort.

On May 16, 1973, Ronald was riding a mini-cycle along an abandoned railroad right-of-way in Cumberland, Rhode Island. This railroad path was a favorite riding location for neighborhood cyclists. As Ronald proceeded along the path, he approached a bump or mound of earth on the trail. On the far side of this bump or mound was a freshly dug pit which was 5 feet deeper than the level of the mound. The forward edge of the mound was vertically straight, resembling a wall, and bore the marks of an excavating machine's blade. When Ronald rode his bike over the bump or mound, the bike struck the wall and stopped dead. The handlebars broke and Ronald flew forward and hit the other side of the pit. Ronald sustained serious facial injuries when he struck the handlebars.

The trial justice instructed the jury that it could return a verdict based either upon a theory of an intentional tort or on the basis of negligence. He also instructed the jury, however, that a verdict for recovery on the theory of intentional tort would exclude as a matter of law a verdict based upon negligence. No objection was raised to this portion of the charge.

The trial justice submitted to the jury a set of specific interrogatories. Upon the conclusion of its deliberations, the jury returned a verdict for plaintiffs on the second count of the complaint which alleged intentional wrong. The jury did not answer the interrogatory concerning count one which had alleged negligence. In accordance with his instructions, however, the trial justice determined that a verdict of intentional wrong negated a verdict for plaintiffs on the negligence count. No objection was made to this ruling. The trial justice then proceeded to grant defendant's previously reserved motion for a directed verdict on the intentional tort count. Consequently, judgment for defendant was in order for entry on both counts. The plaintiffs thereafter filed a motion for an additur and a motion to alter or amend the judgment or in the alternative for a new trial. The trial justice denied both of these motions and judgment for the defendant was entered on April 29, 1977. This appeal ensued.

In support of their appeal, plaintiffs assert as error the following three points: (1) The trial justice erred in determining that the jury verdict in favor of plaintiffs on the theory of intentional tort constituted, in and of itself, a verdict in favor of defendant on the alternative theory of negligence; (2) The trial justice erred in excluding evidence which was offered to show that defendant had engaged in a common scheme or plan in that defendant had engaged in acts similar to the act in question; (3) The trial justice erred in excluding evidence which was offered to establish Ronald's humiliation caused by his facial disfigurement.

The plaintiffs cannot prevail on the first point because they did not object to the charge and to the instructions given to the jury relating to the alternative theories of recovery. It has long been held that unchallenged instructions given to a jury become the law of the case, and that on appeal it is too late to raise questions concerning the correctness of such instructions. *Centracchio* v. *Narragansett Redevelopment Agency*, 114 R.I. 667, 337 A.2d 814 (1975); *DeSimone* v. *Manzi*, 114 R.I. 30, 327 A.2d 840 (1974); *Carraturo* v. *Lawrence*, 107

R.I. 463, 268 A.2d 277 (1970); *Paquin* v. *Providence Washington Insurance Co.*, 106 R.I. 267, 259 A.2d 115 (1969); *Harju* v. *Shelby Mutual Casualty Co.*, 91 R.I. 294, 162 A.2d 532 (1960).

Therefore, the posture in which this case is presented prevents us from considering the correctness of the trial justice's instructions to the jury on the mutually exclusive nature of negligence and intentional tort. The instructions became the law of the case, and the jury's action in accordance with these instructions cannot be challenged.

In reviewing plaintiffs' second contention, we observe that to prevail plaintiffs must convince this court that the excluded evidence would have had a probable influence on the jury verdict or a controlling influence on a material aspect of the case. *Powers* v. *Carvalho*, 117 R.I. 519, 368 A.2d 1242 (1977); *Mercurio* v. *Fascitelli*, 116 R.I. 237, 354 A.2d 736 (1976).

In considering the second alleged error we note that the trial justice excluded evidence of defendant's conduct toward two other individuals on the basis that it lacked relevance to the present incident. The plaintiffs made two offers of proof in an attempt to establish that defendant's conduct was part of a common scheme. First, plaintiffs sought to show that "sometime before Ronald Benoit's accident, defendant accosted one Ronald Gagnon in a field near defendant's house and threatened him with bodily harm. The offer of proof did not indicate, however, that defendant knew Mr. Gagnon was a cyclist, nor did it indicate that Gagnon was operating a motorcycle at the time of the encounter. In the second offer of proof, plaintiffs sought to show that defendant threw a log at one William Beauchene as he was riding a motorcycle along the railroad path with his brother at some time during the year 1972.

We believe that neither of these incidents bears such a relationship to the facts of the present case as to cause these incidents to be relevant to a determination on the issue of an intentional tort. We outlined in *Manning* v. *Redevelopment*

*Agency,* 103 R.I. 371, 238 A.2d 378 (1968), the importance of an adequate offer of proof. In this instance, the offers of proof do not create the basis for a claim that defendant's alleged act in digging a pit on the path was part of a common scheme or design to commit injury to operators of motorcycles or similar vehicles. The trial justice's rulings in rejecting this evidence were not erroneous.

In light of our ruling upholding the judgment on the issue of liability, the third issue raised on appeal challenging the exclusion of evidence offered to show Ronald's humiliation becomes moot. The excluded evidence could only affect damages and was irrelevant to the question of liability. *See DiMaio* v. *Del Sesto,* 102 R.I. 116, 228 A.2d 861 (1967); *Domestic Petroleum, Inc.* v. *C.L. Guild Construction Co.,* 97 R.I. 262, 197 A.2d 295 (1964)

For the reasons stated, the plaintiffs' appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the case is remanded to the Superior Court.

Mr. Justice Joslin did not participate.

*Tobin, LeRoy & Silverstein, Max Wistow, John P. Barylick,* for plaintiffs.

*John F. Dolan,* for defendant.