**Marilyn KELLY**

v.

**Robert V. KALIAN.**

**No. 81-67-M.P.**

Supreme Court of Rhode Island.

March 16, 1982.

Barry Best, Rhode Island Legal Services, Inc., Providence, for petitioner.

A. Lauriston Parks, Providence, for respondent.

## OPINION

**PER CURIAM.**

This case comes before us on the petition of Marilyn Kelly for certiorari to review a determination of a justice of the Superior Court denying her a free transcript and other benefits incident to an *in forma pauperis* appeal from a judgment of the Superior Court in a civil action.

Marilyn Kelly had brought suit in the Superior Court against Robert V. Kalian, a former landlord, for compensatory and punitive damages arising out of an alleged self-help eviction from a tenement owned by Kalian and occupied by Ms. Kelly and her family. It is undisputed that Ms. Kelly is a welfare recipient and at all times pertinent to this controversy has been indigent.

The trial justice denied her request to be allowed to prosecute her appeal *in forma pauperis* on the ground that the appeal was frivolous.

Thereafter, Ms. Kelly filed the instant petition for certiorari. We allowed the petition to be filed without payment of costs. In response to the petition, but without issuing a writ, we remanded the case to the Superior Court in order that the Superior Court might conduct an evidentiary hearing on the issue of petitioner's indigency and also might make findings in respect to whether petitioner's appeal is frivolous or is taken in good faith. Pursuant to this order, a hearing in the Superior Court was held on September 17, 1981.

After hearing argument on the issues, the trial justice found on the basis of a previously submitted affidavit that defendant was indigent, but he further determined that the appeal, which included a challenge to the jury charge, was frivolous. In support of his findings, the trial justice made the following observations:

"The reason that I thought this appeal was frivolous is that if plaintiff were represented by private counsel, and had to pay for the costs of appeal, it is clear to me that no competent experienced lawyer would advise the plaintiff to proceed with an appeal in this case. But, because the plaintiff has the benefit of free legal representation, the plaintiff seeks to appeal and in my view continue to harass this defendant. * * * Marilyn Kelly, the plaintiff, brought this action against Robert Kalian alleging that Robert Kalian had used self-help techniques in securing her eviction and the plaintiff sought compensatory and punitive damages against her former landlord. The alleged wrongful act of Mr. Kalian was the failure to repair a hot water heater that had been broken and the failure to fill the oil tank with oil after it had run out. It is undisputed in this case that the plaintiff had the obligation of supplying oil and heating herself at her own expense."

The court went on to find that the principal question at issue in the trial was the status of Ms. Kelly and the consequent duty or absence of duty on the part of the landlord. The question of fact submitted to the jury under the justice's instructions was whether or not at the time of the failure to repair, petitioner was a tenant or a trespasser following transmission of a notice to quit.

■ It is undisputed that petitioner did not object to the trial justice's charge to the jury. Consequently, these instructions became the law of the case. *Benoit v. Bradley*, R.I., 402 A.2d 581, 582 (1979); *McCusker v. Fascione*, 117 R.I. 478, 485, 368 A.2d 1220, 1224 (1977); *Powless v. Pawtucket Screw Co.*, 116 R.I. 158, 160, 352 A.2d 643, 645 (1976); *Centracchio v. Narragansett Redevelopment Agency*, 114 R.I. 667, 671, 337 A.2d 814, 817 (1975); *DeSimone v. Manzi*, 114 R.I. 30, 327 A.2d 840 (1974). The petitioner cites *Seabra v. Puritan Life Insurance Co.*, 117 R.I. 488, 369 A.2d 652 (1977), and *Smith Development Corp. v. Bilow Enterprise, Inc.*, 112 R.I. 203, 308 A.2d 477 (1973), in support of her assertion that the failure to object to jury instructions does not preclude review; neither of the cases so holds. Indeed, both cases in construing Rule 51(b) of the Superior Court Rules of Civil Procedure recognize the need to object to a trial justice's instructions in order to preserve the alleged error for review. Both cases stand for the proposition that in objecting to the instructions, it is only necessary to make such objection specific enough so that the court's attention is focused on the precise nature of the alleged error. No particular formality will be demanded of the objector's verbiage. *Seabra v. Puritan Life Insurance Co.*, 117 R.I. at 503–04, 369 A.2d at 661; *Smith Development Corp. v. Bilow Enterprise, Inc.*, 112 R.I. at 211, 308 A.2d at 482. Therefore, petitioner's assertion that it is not necessary to object to instructions in order to preserve an alleged error for appellate review is erroneous.

The only other asserted errors relate to evidentiary rulings that the trial court determined were of no significance. An examination of petitioner's memorandum in support of these alleged errors causes us to agree with the trial justice, since they were all collateral to the major issue of the landlord's duty or lack of duty to repair.

■ The petitioner suggests a definition of "frivolous" as set forth in *United States v. Piper*, 227 F.Supp. 735, 740 (N.D.Tex. 1964), *cert. denied*, 380 U.S. 951, 85 S.Ct. 1083, 13 L.Ed.2d 968 (1965), wherein the court suggested that a case is frivolous "where it presents * * * no reasonable possibility of reversal * * *." Accepting this definition, arguendo, we are of the opinion that in this case no reasonable possibility of reversal exists on any point asserted by petitioner in her memorandum.

■ It should be noted that the Supreme Court of the United States has taken an extremely limited view of the right of a civil litigant to be excused from fees and costs. Although the Court determined in *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), that an indigent could not be excluded for lack of a filing fee from access to a court for the purpose of seeking a divorce, it was emphasized that the special nature of the marital relationship and its concomitant effect upon associational interests constituted the impelling factors in that case. In *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), the Court held that it was a denial neither of due process nor of equal protection for the Oregon state courts to refuse to waive a filing fee for a petitioner who sought judicial review of a welfare-division determination. Earlier in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the Court determined that there was no denial of due process or equal protection in requiring a petitioner in bankruptcy to pay a mandatory filing fee, even though he was found to be indigent. The economic considerations at issue in *Ortwein* and *Kras* did not rise to the level of the fundamental interests set forth in *Boddie*.

Although we have recognized in *Jones v. Aciz*, 109 R.I. 612, 626, 289 A.2d 44, 52 (1972), that trial courts have inherent authority to waive appeal costs upon a show-

ing that the party is indigent and that the appeal is not frivolous, we have not deprived the court of the authority to exercise its independent judgment in determining the question of the frivolity of an appeal. The waiver of appeal costs and the providing of a free transcript to a plaintiff in a civil action for damages constitutes an additional dimension in the assertion of indigents' rights. The trial justice was correct in the careful exercise of his discretion in the granting or withholding of such assistance in the case at bar. Only in the most compelling circumstances should a plaintiff in an action for damages be allowed to prosecute an appeal from a judgment of the Superior Court at state expense. In this case we believe that the trial justice exercised his independent judgment appropriately in finding the appeal to be frivolous.

For the reasons stated, the petition for certiorari is denied and dismissed.