OPINION
 

 WEISBERGER, Justice.
 

 This case comes before us on appeal from a judgment entered in the Superior Court in favor of the defendant after a jury trial. Subsequent to the entry of judgment, the trial justice denied a motion for new trial. We affirm. The facts disclosed by the record are as follows.
 

 David Flanzbaum (Flanzbaum) brought an action to recover commissions that he allegedly earned during his employment with Senco Products, Inc. (Senco). During the pendency of the action Flanzbaum died and his widow, Muriel S. Flanzbaum, was substituted in her capacity as administra-trix of her deceased husband’s estate.
 

 Flanzbaum had been employed as a salesman by Senco New England Co., Inc., from November 1960 to July 1969, at which time that company was acquired by and merged into defendant Senco. Flanzbaum continued to work for Senco from July 28, 1969, until April 4,1970, when he was terminated because of allegedly poor job performance. During his employment Flanzbaum was compensated by means of commissions upon sales which he made. Commissions were actually paid on or about the tenth of the month following the customers’ payments to Senco. However, Senco’s (and its predecessor’s) policies were set forth in a written document that had allegedly been communicated to all employees, including Flanz-baum, at the time that he commenced employment with Senco. Article 14 of this document dealt with entitlement to commissions in the following terms:
 

 “Upon termination of employment or transfer of a Representative for any reason, all orders on file that have not been shipped or invoiced will revert to Company. This includes contract and blanket orders.”
 

 Prior to Flanzbaum’s termination, a purchase order dated February 19, 1970, was issued by Speidel Division of Textron as a result of Flanzbaum’s efforts. The purchase order was known as a blanket order and provided for a number of shipments, subject to Speidel’s right to terminate the order. Pursuant to the purchase order there were four shipments and resulting invoices prior to Flanzbaum’s termination. He received payment of commissions on these shipments. However, he was not paid commissions on shipments made and invoices produced subsequent to his termination. It was agreed by the parties that the commissions on shipments made after termination amounted to a sum in excess of $22,-000.
 

 In her initial brief plaintiff asserted only one issue in support of her appeal. That issue dealt with evidentiary rulings of the trial justice. The principal evidence presented by plaintiff took the form of statements made to her by her deceased husband, which statements were to the effect that there was an understanding that he would continue to receive commissions on the purchase order whether or not he continued to be employed by Senco and regardless of the delivery dates of the shipments or the payment dates of the invoices. This testimony was in contradiction to that offered by Senco’s witnesses, who testified that the agreement was that no commissions would be paid to any salesperson after termination of employment.
 

 The trial justice admitted evidence of these statements pursuant to G.L. 1956 (1969 Reenactment) § 9-19-11, which provides for the admissibility of declarations by a deceased person, if made in good faith, before the commencement of the action and upon the personal knowledge of the declarant. The trial justice declined to admit certain additional testimony offered by plaintiff which related to her personal concerns: her decision not to seek employment and the number and ages of her minor children. The trial justice’s reason for excluding this evidence was lack of relevance. We have frequently stated that determina
 
 *17
 
 tions of relevance are considered to be within the sound discretion of the trial justice. In the absence of abuse of discretion, such evidentiary rulings will not constitute a basis for reversal.
 
 Aiello Construction, Inc. v. Nationwide Tractor Trailer Training and Placement Corp.,
 
 R.I., 413 A.2d 85, 89 (1980);
 
 Gaglione v. Cardi,
 
 120 R.I. 534, 538, 388 A.2d 361, 363 (1978). We have also observed that it is the burden of the party opposing such evidentiary rulings to establish that the proposed evidence was material and that its exclusion had a prejudicial influence on the decision of the court.
 
 Aiello Construction, Inc.,
 
 R.I., 413 A.2d at 89;
 
 Atlantic Paint & Coatings, Inc. v. Conti,
 
 119 R.I. 522, 527, 381 A.2d 1034, 1036 (1977);
 
 see Mercurio v. Fascitelli,
 
 116 R.I. 237, 244, 354 A.2d 736, 740 (1976). Applying these tests, we believe that the trial justice was clearly not in error in excluding the subjective reactions of plaintiff since they did not tend to prove any point provable in the case. Certainly, the trial justice did not abuse his discretion in excluding the offered evidence.
 

 After the initial briefs were filed, our opinion in
 
 Oken v. National Chain Co.,
 
 R.I., 424 A.2d 234 (1981) was rendered. The plaintiff filed a supplemental brief asserting that our decision in
 
 Oken
 
 required reversal of the judgment in this case — or at least that the case be remanded in order that a new trial might take place at which the principles enunciated in
 
 Oken
 
 would be included in the charge to the jury. The short answer to this contention is that our opinion in
 
 Oken
 
 would not in any way change the result in the case at bar. Nor did
 
 Oken
 
 enunciate any new legal principles.
 

 We stated in
 
 Oken
 
 that as a general rule a person employed on a commission basis to solicit sales orders earns or is entitled to his commission when the order is accepted by his employer. The entitlement to commissions is not affected by the fact that payment may be delayed to the accounting period in which shipment is made. We went on to observe that this general rule may be altered “by a written agreement by, or the conduct of, the parties which clearly demonstrates a different compensation scheme.”
 
 Id.,
 
 424 A.2d at 235.
 

 In the case at bar the question that was submitted to the jury was precisely formulated to determine what the agreement between the parties had been, based upon the company’s written policies, the oral testimony of Senco’s witnesses, and the contrary understanding of Flanzbaum. This issue of fact was presented to the jury in the course of instructions that were not objected to by the parties. It is our settled rule that failure to object to the instructions of the trial justice will preclude a party from raising the point on appeal since under those circumstances the trial justice’s charge becomes the law of the case.
 
 Kelly v. Kalian,
 
 R.I., 442 A.2d 890, 892 (1982);
 
 Benoit v. Bradley,
 
 121 R.I. 619, 621, 402 A.2d 581, 582 (1979);
 
 McCusker v. Fascione,
 
 117 R.I. 478, 485, 368 A.2d 1220, 1224 (1977);
 
 Powless v. Pawtucket Screw Co.,
 
 116 R.I. 158, 160, 352 A.2d 643, 645 (1976).
 

 The plaintiff concedes that this is our general rule but suggests that she could not have known of the provisions of law enunciated in
 
 Oken
 
 prior to the filing of the opinion. In
 
 Oken
 
 the general rule enunciated was based upon decisions of state and federal courts long preceding the trial of the case at bar, as well as upon principles enunciated in 9
 
 Williston on Contracts,
 
 § 1017(C) at 181-86 (3d ed. Jaeger 1967). Therefore, we are of the opinion that the trial justice’s instructions would have been as correct under
 
 Oken
 
 as they were on the date the case was submitted to the jury. Consequently, our opinion in
 
 Oken
 
 would not have significantly altered the trial justice’s charge on the question that he submitted to the jury.
 

 For the reasons stated, the appeal of the plaintiff is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.