In re CABLE RHODE ISLAND SPORTS PRODUCTION, INC. d/b/a Crisp, Debtor.

CHARLES H. NOLAN, INC., Plaintiff,

v.

CABLE RHODE ISLAND SPORTS PRODUCTION, INC. d/b/a Crisp, Louis A. Geremia, Trustee, Defendants.

Bankruptcy No. 8300049.
Adv. No. 830149.

United States Bankruptcy Court,
D. Rhode Island.

March 16, 1984.

Robert D. Parrillo, Providence, R.I., for plaintiff.

Louis A. Geremia, Providence, R.I., for trustee.

### DECISION AND ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted, ostensibly, on an "Agreed Statement of Facts", on the trustee's motion for summary judgment.

On July 12, 1982, Charles H. Nolan, Inc., entered into an oral agreement with Cable Rhode Island Sports Production, Inc., d/b/a CRISP, to provide CRISP with certain electronic video equipment, with "rent" to be paid on a monthly basis. It is further agreed that although CRISP had possession of the subject equipment, it has not made any payments. The parties also agree that on February 5, 1983 the equipment in question was voluntarily returned by CRISP to Charles H. Nolan, Inc., following a demand for repossession made on December 27, 1982.[1]

The trustee's motion for summary judgment is based on two grounds: (1) that the oral agreement in question is unenforceable because it violates Rhode Island's Statute of Frauds, R.I.GEN.LAWS § 9–1–4, and (2) that the transaction in question was a sale not a lease, that Nolan is an unsecured creditor, and that the equipment is therefore property of the estate.

As to ground (1), the trustee contends that the agreement is unenforceable because it is not "in writing" and is not "to be performed within the space of one (1) year from the making thereof." *See* R.I. GEN.LAWS § 9–1–4:

> 9–1–4. Statute of Frauds.—No action shall be brought:
>
> .    .    .    .    .
>
> Fifth. Whereby to charge any person upon any agreement which is not to be performed within the space of one (1) year from the making thereof;
>
> .    .    .    .    .
>
> Unless the promise or agreement . . . shall be in writing and signed by the party to be charged therewith. . . .

Under the Rhode Island Statute of Frauds, the fact that an agreement is oral rather than written is not enough, standing alone, to bar its enforcement. *See Czech v. Zuromski,* 83 R.I. 129, 117 A.2d 431 (1955) (lease for one year or less not required to be

---

1. Pursuant to 11 U.S.C. § 549, governing post-petition transactions, the trustee is not bound by this transfer which took place shortly after CRISP was petitioned into bankruptcy (January 21, 1983), but before the appointment of the trustee (February 24, 1983).

in writing in order to be valid). In addition, before an agreement may be determined to be unenforceable under the statute, it must be established that the contract could not be performed within one year. *Powless v. Pawtucket Screw Co.,* 116 R.I. 158, 352 A.2d 643 (1976) (where duration of oral contract was uncertain and contract could have been performed within one year, statute of frauds does not bar enforcement). Here, the parties do not agree as to the length of time intended or required for the performance of the contract. According to an affidavit submitted by Alfred S. Ross, Vice President of Charles H. Nolan, Inc., "payments were to be in the amount of $1,200.00 for the first eleven months and $1,093.00 for the twelfth payment." *See* Affidavit dated February 4, 1984, paragraph 5. Under this schedule, payments amounting to $14,293 would be completed within one year. The trustee contends, however, that according to records in his possession it would take longer than one year to pay the total sum due. Since the parties are in dispute as to the payment schedule, the Court is unable to conclude, in a summary judgment proceeding, that the payments were not to have been completed within one year.

Neither is there agreement as to whether the contract was a sale or a lease. This issue is even further confused in light of the trustee's concession that CRISP was to make "monthly rental payments." *See* Agreed Statement of Facts, p. 1, paragraph 4.

■ An issue is not ripe for summary disposition unless "there is no genuine issue as to any material fact." *United Nuclear Corp. v. Cannon,* 553 F.Supp. 1220, 1226 (D.R.I.1982). In determining whether to grant summary judgment the Court must resolve all doubts in favor of the party opposing the motion. *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438 (2nd Cir.1980); *Coca Cola Co. v. Kelly's Taunton Ave., Inc.,* 308 F.Supp. 308 (D.R.I.1970). In a motion for summary

judgment, the Court may not try issues of fact; it may only determine whether there are issues of fact to be tried. *Jaroslawicz v. Seedman,* 528 F.2d 727 (2d Cir.1975).

■ It is obvious that here there are material, indeed crucial, issues of fact in dispute. Accordingly, the trustee's motion for summary judgment must be, and hereby is, denied. Since the trustee has previously filed his amended answer on November 4, 1983, the matter is assigned for hearing on the merits on April 4, 1984. The parties shall file a joint pre-trial order on or before March 30, 1984.