**299 A.2d 165.**

John Esposito *vs.* Christy Fascione *et al.*

JANUARY 25, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to recover money loaned by the plaintiff to the defendant, Christy Fascione, evidenced by promissory notes purportedly bearing the signatures of Christy Fascione, his wife, Antonette, and his daughter, Christine. The case was tried to a jury in Superior Court, which returned a verdict for the plaintiff against all three defendants. However, Christine Fascione alone moved for a new trial, which the trial judge granted to decide the sole issue of whether or not she authorized her signature to be placed on the promissory notes. The plaintiff prosecutes an appeal from that order.

John Esposito loaned Christy Fascione $12,000 between November 30, 1967, and March 14, 1968. He claims that only $200 was paid back. Esposito presented four promissory notes, bearing three signatures. He admitted that only Christy Fascione signed the notes in his presence, but he testified he told Fascione that he would not loan him the money unless his wife and daughter also signed. The fact that Christy's house was owned in the name of his daughter, Christine, necessitated, in Esposito's mind, her signature on the notes. Esposito further testified that within a couple of days after Christy signed a note, Christy would return with the signature of his wife and daughter on the note and then Esposito would give Christy the money. The defendant, Christy Fascione, admitted he borrowed the money but claimed he paid it back. Moreover, both Christy and Antonette denied the authenticity of their daughter's signature and testified that her name was not on the notes when delivered to plaintiff. Christine testified that she never signed the notes and that she knew nothing of her father's business affairs with plaintiff. She also signed her name on a blank piece of paper, which was introduced as defendants' Exhibit B.

The court instructed the jury that Christine Fascione could be held responsible for payment of the notes only

if she had signed the notes or authorized someone else to sign them for her. The jury returned a verdict for plaintiff against all three defendants. However, only Christine filed a motion for a new trial. The trial justice granted the motion for a new trial on the limited issue of whether Christine authorized any person to affix her signature to the four notes in question. From that order plaintiff is prosecuting an appeal in this court.

It is clear from the record that the trial justice complied with the obligation imposed upon him by a motion for a new trial in that, in an exercise of his independent judgment, he passed upon the weight of the evidence and the credibility of the witnesses and concluded that the verdict against Christine was contrary to the weight of the evidence. *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964). In such circumstances it became incumbent upon plaintiff to establish that the trial justice had, in reaching that conclusion, overlooked or misconceived material evidence on a controlling issue. *Chasse* v. *Newark Insurance Co.*, 109 R. I. 130, 282 A.2d 194 (1971); *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305 (1964). It is our conclusion that plaintiff has failed to meet the burden of showing such error on the part of the trial justice.

The plaintiff, in contending that the court erred in ordering a new trial on the issue of authorization, relied on what he described as a presumption set up in the Uniform Commercial Code, G. L. 1956 (1969 Reenactment) §6A-3-307 (1). The statute thus cited reads, in pertinent part, as follows:

"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

(a) the burden of establishing it is on the party claiming under the signature; but

(b) the signature is presumed to be genuine or authorized except where the action is to enforce the ob-

ligation of a purported signer who has died or become incompetent before proof is required."

The record discloses that in their testimony all three defendants specifically denied the genuineness of Christine's signature on the notes. In that situation, under the statute plaintiff had the burden of establishing Christine's signatures on the notes. " 'Burden of establishing' a fact means the burden of persuading the triers of fact that the existence of the fact is more probable than its non-existence." Section 6A-1-201 (8). However, under subsection (b) of the statute as quoted plaintiff had initially the benefit of the presumption that the signatures were genuine or authorized.

The operative effect of the presumption established in §6A-3-307 (1) is disclosed in the comment to that section. It was intended that until some evidence was introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that such signature is authentic.

"The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of the defendant or more accessible to him. He is therefore required to make some sufficient showing of the grounds for his denial before the plaintiff is put to his proof. His evidence need not be sufficient to require a directed verdict in his favor, but it must be enough to support his denial by permitting a finding in his favor. Until he introduces such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff." Section 6A-3-307, Comment.

The denial by all defendants that the signature on the note was that of Christine, along with her assertion that she was without knowledge of the transaction, and the sample of her signature as defendants' Exhibit B, consti-

tute evidence sufficient to rebut the presumption that the signature was genuine or authorized. The plaintiff clearly failed to meet the burden of proof placed upon him on this issue, and the trial justice, in our opinion, was on sound ground in concluding that that burden was on plaintiff in the circumstances of this case. Again, concluding that the trial justice did not overlook or misconceive any material evidence, there was no error in his action in granting defendant Christine's motion for a new trial.

We cannot, however, agree that the trial justice properly limited the new trial solely to the issue of authorization. In our opinion, such an order of limitation was improvidently issued. The record discloses that the trial justice had charged the jury that to find for the plaintiff against Christine, they must find that she signed or authorized her signature to be placed on the notes. In returning a verdict for the plaintiff, the jury must have found either that Christine actually signed the notes or permitted someone else to sign them for her. In such circumstance, it is our opinion that the interests of justice would be best served if the issue submitted to the jury at the new trial included both the question of whether she in fact signed the notes, and that of whether she had authorized another to so do. We, therefore, direct that at the new trial the jury consider whether she herself signed the notes or authorized another to sign them for her.

The appeal of the plaintiff is denied, the order appealed from is affirmed, and the cause is remanded to the Superior Court for a new trial in accordance with this opinion.

*Louis M. Cioci, Leo X. McCusker,* for plaintiff.

*Goldman, Grady & Biafore, John D. Biafore,* for defendants.