368 A.2d 1220.

LEO X. McCUSKER, *Executor of Estate of John Esposito.* vs. CHRISTY FASCIONE *et al.*

JANUARY 26, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This civil action was brought by the late John Esposito to recover money loaned by him to the defendant, Christy Fascione. The loan is evidenced by promissory notes purportedly signed by Christy Fascione, his wife, Antonette, and his daughter, Christine, who is the defendant in the case presently before us.[1] A jury trial resulted in a verdict for the plaintiff against Christy, Antonette and Christine. Christine alone moved for a new trial, which the trial justice granted for the sole purpose

---

[1]Christine's married name is Christine C. DeAngelis.

of deciding whether or not Christine had authorized her signature to be placed on the promissory notes. The plaintiff appealed from that order.

We affirmed the trial justice's order granting defendant Christine's motion for a new trial, but held that the interests of justice would be best served if the issue submitted to the jury at the new trial included both the question whether she in fact signed the notes and also the question whether she had authorized another to do so. *See Esposito* v. *Fascione*, 111 R.I. 91, 299 A.2d 165 (1973).

Prior to the new trial John Esposito died and Leo X. McCusker, the executor under his will, was substituted as a party plaintiff.

The evidence presented at the new trial is substantially the same as that in the first trial. Since we discussed it at some length in our opinion in *Esposito* v. *Fascione, supra,* only a brief summary thereof is necessary here. The sworn testimony given by John Esposito at the prior trial was read in part to the judge and jury in the case at bar. His testimony is in substance that only Christy Fascione signed the notes in his presence, but that he told Mr. Fascione that he would not loan the money unless his wife and daughter also signed; that the reason he wanted Christine's signature was because the home in which Christy Fascione and his wife, Antonette, were living was in fact in the name of his daughter Christine; that when the notes were delivered all three signatures (Christy, Antonette, and Christine) were on the notes; and that the money was delivered after all three signatures were on the notes. It appears from the testimony of John Esposito that after Christy Fascione signed the notes, he would take them and return a couple of days later with the purported signatures of his wife and daughter, Christine. There is no claim by Mr. Esposito that he saw Christine sign the notes or that he even talked to her about the loan.

Christy Fascione admitted the validity of his signature and that of his wife, but he denied the validity of his daughter Christine's signature. He testified that when he delivered the notes to John Esposito, they contained only two signatures, his and his wife's, and that he was never authorized to sign Christine's name and that his daughter did not know of his business transactions.

The defendant, Christine, testified that she did not know of any business transactions between her father and John Esposito. She admitted that the signature on the notes looked like hers, but she stated that she had never signed the notes and had never authorized anyone to sign her name. She offered in evidence copies of her signatures.

After charging the jury on the applicable law, the trial justice submitted a form of interrogatories asking the jury to answer the following questions:

"#1: Do you find that Christine C. Fascione De-Angelis in fact signed any or all of the notes?
* * *

"#2: If you find she did not in fact sign any or all of the notes, do you find that Christine C. Fascione DeAngelis authorized someone to sign the notes using her name?"

To the first, the jury responded in the negative and to the second in the affirmative. Thus, it found specially that Christine had not signed any of the notes herself but that she had authorized someone to sign them using her name.

In denying defendant's motion for a new trial the trial justice, in a decision from the bench, stated:

"This was a case in which the jury could or could not have believed the testimony that this girl did not authorize someone to sign in her name, but they chose to disbelieve it, and with that I haven't any quarrel. It was in fact one of those things on which reasonable men could differ."

He then noted that the jury probably based its finding that Christine had authorized someone to sign her name on the notes on something uttered by John Esposito which was read to them.

The case is now before us on the appeal of defendant, Christine C. Fascione DeAngelis, from the order denying her motion for a new trial and granting plaintiff's motion for entry of judgment.

Since the jury found that Christine did not, in fact, sign the notes, the sole issue on appeal is whether the finding that Christine authorized someone to sign for her is against the law and/or the evidence and the weight thereof.

The defendant argues that the denial of her motion for a new trial is reversible error because the verdict was both against the law and the evidence since plaintiff failed to meet his burden of showing that defendant authorized someone to sign for her. For the reasons that follow we sustain defendant's appeal.

Initially, we address ourselves to defendant's contention that the trial justice failed to comply with our rule governing the duty of trial justices in passing on a motion for a new trial. *See Morinville* v. *Morinville*, 116 R.I. 507, 359 A.2d 48 (1976); *Gordon* v. *Campanella Corp.*, 112 R.I. 417, 311 A.2d 844 (1973); *Barbato* v. *Epstein*, 97 R.I. 191, 196 A.2d 836 (1964), and Super. R. Civ. P. 52(a). *See also* Professor Kent's comments in 1 Kent, *R.I. Civ. Prac.* at 439 (1969), regarding the duty of a trial judge under Rule 52(a) to summarize his findings and conclusions in ruling upon a motion for a new trial.

As this court has said so many times, in passing on a motion for a new trial on the grounds that the verdict is against the law and the evidence and the weight thereof, it is the function and duty of the trial justice to exercise his independent judgment in reviewing all the material

evidence, in the light of his charge to the jury, and to pass on the weight of such evidence and the credibility of the witnesses. In so doing he is bound by the same law he gave to the jury. *Gordon* v. *Campanella Corp.; Barbato* v. *Epstein*, both *supra*.

However, as we pointed out very clearly only recently in *Morinville* v. *Morinville, supra* at 511-12, 359 A.2d at 51, in ruling on such a motion, the trial justice need not make an exhaustive analysis of the evidence or state all his conclusions as to the weight of the evidence or the credibility of the witnesses. But, we said, he should at least refer sufficiently to the facts on which he based his ruling so that the reviewing court can determine whether he has overlooked or misconceived material evidence on a controlling issue or was otherwise clearly wrong.

There is some doubt in our minds as to whether or not the trial justice met the minimum requirements set forth above and, therefore, out of an abundance of concern for the rights of the parties we shall assume, as we did in *Morinville* v. *Morinville, supra* at 512, 359 A.2d at 51, that he did not perform his duty in accordance with our cases. With this assumption in mind we shall examine the record ourselves and apply the appellate rule as restated in *Morinville*, where we said that the jury's verdict will be sustained if "as we examine the evidence in the light most favorable to the prevailing party, there is any competent evidence which supports the verdict." *Id. at* 512, 359 A.2d at 54. Accordingly, we shall examine the evidence in the instant case in the light most favorable to plaintiff to determine whether there is any competent evidence which supports the verdict.

The Uniform Commercial Code, G. L. 1956 (1969 Reenactment) §6A-3-307(1) sets up a presumption of the validity of a signature or the authorization thereof, in favor

of the party claiming on the instrument.[2] We discussed this question at some length in our prior opinion in this matter. *Esposito* v. *Fascione*, 111 R.I. 91, 93-95, 299 A.2d 165, 167-68. We there stated that under the statute plaintiff had the benefit of the presumption that the signatures were genuine or authorized. In making reference to the official comment[3] to §6A-3-307(1), we stated that the statute intended that until some evidence was introduced which would support a finding that the signature was forged or unauthorized, the plaintiff was not required to prove that such signature was authentic.

We then pointed out that the denial by all three defendants there that the signatures on the notes were Christine's, *id.* at 94-95, 299 A.2d at 168, constituted sufficient evidence to rebut the presumption that the signatures were

---

[2]General Laws 1956 (1969 Reenactment) §6A-3-307(1)(a)(b) reads as follows:

"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

"(a) the burden of establishing it is on the party claiming under the signature; but

"(b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."

[3]The comment to that section reads as follows:

"The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of the defendant or more accessible to him. He is therefore required to make some sufficient showing of the grounds for his denial before the plaintiff is put to his proof. His evidence need not be sufficient to require a directed verdict in his favor, but it must be enough to support his denial by permitting a finding in his favor. Until he introduces such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff." Section 6A-3-307(1), Comment.

genuine or authorized. In that situation, we held that under the statute plaintiff had the burden of establishing Christine's signatures on the notes[4] and that the trial justice was correct in so ruling. In the circumstances of that appeal we concluded that the plaintiff had failed to meet the burden of proof placed on him.

In the case at bar the trial justice charged the jury in accordance with the requirements of §6A-3-307(1) and in compliance with the statutory definition of burden of proof set forth in §6A-1-201. In fact, with respect to this issue, his instructions are based on the language in our prior opinion in this case. He charged, in part, as follows:

> "The burden of establishing the signature on a note is upon the plaintiff but the signature is presumed to be genuine or authorized until rebutted or disclaimed by the defendant.
>
> * * *
>
> "If the defendant denies the validity of a signature or denies authorizing the use of her name, the presumption of validity or authorization is rebutted, and the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff."

We note in passing that neither party objected to the charge as given and it therefore became the law of the case.

An examination of the record in the appeal now before us shows that at the new trial plaintiff presented no evidence of authorization, either directly or indirectly, which was different than that presented at the prior trial and that defendant, Christine, and her father merely persisted in their original denials that she had signed or authorized her signature on any of the notes.

Once Christine denied authorizing anyone to sign her name, the presumption that her signature was authorized

---

[4]General Laws 1956 (1969 Reenactment) §6A-1-201(8) provides:

" 'Burden of establishing' a fact means the burden of persuading the triers of fact that the existence of the fact is more probable than its non-existence."

vanished. In that situation, plaintiff had the burden of establishing that Christine had authorized someone to sign her name.

With respect to the issue of authorization, we must be directed to evidence on which reasonable men could differ. In his decision the trial justice said that the jury probably based its finding of authorization on something that was read to them from John Esposito's testimony in the prior trial. But we are unable to discern from his statement what that "something" might have been. We believe that there is nothing in Esposito's testimony or in any of the evidence which could support a finding, directly or by way of reasonable inference, that defendant Christine authorized any one to sign her name on any of the notes.

The only evidence in this record by which plaintiff seeks to establish that defendant Christine authorized someone to sign her name is Esposito's testimony concerning his transactions with Christine's father and the fact that Esposito wanted her signature on the notes because the Fascione home was owned in the name of defendant Christine. Such evidence, standing alone, even if believed, cannot reasonably support a finding that defendant Christine had authorized anyone to sign her name on the notes in question. It is not the kind of competent evidence we talked about in *Morinville* v. *Morinville, supra* at 516, 359 A.2d at 54.[5] To find on the basis of the evidence in this record that defendant Christine authorized someone to sign her name would be mere speculation and this cannot be permitted.

In examining the evidence in the light most favorable to plaintiff, we find no competent evidence to support the jury's finding that defendant Christine authorized anyone

---

[5]In *Morinville* v. *Morinville*, 116 R.I. 507, 359 A.2d 48 (1976), we restated the appellate rule as follows:

> "The jury's verdict will be sustained if as we examine the evidence in the light most favorable to the prevailing party, there is any competent evidence which supports the verdict."

to affix her name to the notes in question and thus there is no basis for the trial justice's conclusion that this was "one of those things on which reasonable men could differ." We conclude here, as we did in our prior opinion, that plaintiff has clearly failed to meet the burden of proof placed on him with respect to this issue.

In the absence of competent evidence to support the trial justice's finding on the issue of authorization, the verdict was against the evidence. Thus even though he did not misconceive or overlook any material evidence, he was otherwise clearly wrong in denying defendant's motion. *Pimental* v. *D'Allaire,* 114 R.I. 153, 159, 330 A.2d 62, 65-66 (1975).

His action constitutes reversible error requiring a new trial. However, in view of the jury's finding that the defendant did not in fact sign the notes, the case should be remanded for a new trial only on the question whether the defendant, Christine, authorized anyone to sign her name to the notes.

The defendant's appeal is sustained, the order appealed from is reversed, and the cause is remanded to the Superior Court for further proceedings.

*Louis M. Cioci,* for plaintiff.

*Robert S. Ciresi,* for defendants.