WILLIAM S. WRIGHT, p. a., *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—FEBRUARY 21, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1). *Pleading and Practice at Law.   Assault.   Justification.*

To an action for trespass *vi et armis,* alleging that the defendant kicked and struck the plaintiff and also threw him from the platform of an electric car with great force while the car was moving at a high rate of speed, the defendant pleaded, in justification, that the plaintiff, at the time of the assault, was a trespasser upon the car, having boarded it while in motion to steal a ride, and that thereupon the plaintiff was ejected, with no more force than was necessary. Upon demurrer to the plea :—

*Held,* that the assault charged was not simply in striking the plaintiff, but also in throwing him to the ground from a moving car, and that to justify such a charge the defendant should set forth such circumstances as would show that the act was reasonably necessary.

*Held,* further, that where a declaration in trespass alleges acts of such a character as to go beyond simple assault, they are not to be regarded merely as matter of aggravation, but substantive charges of violence in connection with the assault, and a plea of justification must meet and justify the cause of action stated.

TRESPASS *vi et armis.* The facts are stated in the opinion. Heard on demurrer to defendant's plea of justification. Demurrer sustained.

STINESS, J. The plaintiff sues for assault and battery, alleging that the defendant kicked and struck him many violent blows, and also threw him from a great height, from the platform of an electric car, with great force and violence to the ground, while the car was moving at a high rate of speed, whereby he was greatly bruised.

The defendant pleads in justification that the plaintiff was

a trespasser, stealing a ride on the car, and that he was ejected by the use of only necessary force.

The plaintiff demurs to the plea.

(1)     A plea of justification is one of confession and avoidance. It must meet and justify the cause of action stated in the declaration. It is not enough to justify only in part. The defendant claims that, in justifying the assault simply, he has done all that he is bound to do, because the other allegations are only matters of aggravation. We do not think this is so. When a declaration alleges acts of such a character as to go beyond a simple assault they are not to be regarded merely as matters of aggravation, but substantive charges of violence in connection with the assault. Thus it is said in Story's Pleadings, p. 493, note, that a man cannot plead that he threw stones *molliter* against a trespasser to remove him; nor justify a wounding; nor striking repeated blows and knocking the plaintiff down in order to turn her out of the defendant's house. See also Waterman on Trespass (Person and Property), § 237. Gould's Pleading, cap. vi, § 98, p. 331. In *Robinson* v. *Hawkins*, 4 Monroe (Ky.), 134, a plea of *molliter manus* to an action of assault and battery and *wounding* was held not to justify the wounding without alleging that the defendants were first endangered. To the same effect is *Boles* v. *Pinkerton*, 7 Dana (Ky.), 453; and *Gray* v. *Ayres*, do. p. 375, a case of tarring and feathering.

The reason for this requirement in pleading is that it does not answer a declaration alleging extraordinary or aggravated violence, because the right set up by the defendant " does not primarily authorize, nor its exercise require anything more than gentle and moderate force," while it admits an immoderate and aggravated use of it. *Mellen* v. *Thompson*, 32 Vt. 407. Assuming the facts to be proved simply as pleaded, the court would have to instruct the jury that the plea was no justification, because the excessive force made the defendant a trespasser *ab initio*. If the facts alleged would be no justification in evidence, they cannot be such in pleading. The question of excess usually arises on a replica-

tion, *de injuria*, but this is in cases where the plea appears to justify the assault charged.

In this case the assault charged is not simply in striking, &c., as in an ordinary assault, but also in throwing the plaintiff to the ground from a swiftly moving car. We think that the defendant, to justify such a charge, should set forth circumstances which would show that an unusual act of this kind was reasonably necessary.

The demurrer to the plea is sustained.

*John S. Murdock and Frederick A. Jones*, for plaintiff.
*David S. Baker*, for defendant.