AGELUS J. GIROUX *vs.* JOHN A. MURPHY.

JANUARY 9, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

PAOLINO, J. This action of trespass for false arrest and imprisonment against the chief of police of the city of Providence was heard in the superior court on the defendant's

demurrer to the declaration. The demurrer was sustained and the plaintiff was given an opportunity to amend his declaration. However, electing to rest on the declaration, he prosecuted to this court the instant bill of exceptions to the decision sustaining the demurrer. Thereafter the defendant moved that such bill of exceptions be dismissed on the ground that the filing thereof was premature, since no final decision had been rendered by the superior court. We denied the defendant's motion on the statement of plaintiff's counsel that he expressly waived his right to amend the declaration. The case is before us solely on the plaintiff's exception to the decision sustaining the demurrer.

The declaration is in two counts. In the first count plaintiff alleges: "On or about a date prior to the issuance of the within writ, the defendant, vi et armis, by his agent or servants, duly authorized for that purpose, assaulted the plaintiff and then and there seized and layed hold of the plaintiff. The defendant, by his agents or servants, then forced and compelled said plaintiff to go from a public place in the City of Providence into a police car, thence to the police headquarters of the City of Providence, and kept and detained and imprisoned said plaintiff without any reasonable or probable cause whatsoever for a long period of time, to wit: two hours, contrary to the will of the plaintiff and the law of this State * * *."

In the second count he alleges in substance that on or about a date prior to the issuance of the writ, defendant, by his agents or servants duly authorized for that purpose, assaulted plaintiff and without any reasonable or probable cause whatsoever imprisoned him in a police station in the city of Providence for two hours contrary to the laws of the state and the will of plaintiff.

One of the grounds of defendant's demurrer is that the declaration fails to state a cause of action against him. This was also one of the reasons on which the trial justice based

his decision. Since a determination of such issue is decisive of the exception before us, we shall consider only that portion of the decision which states in substance that the facts alleged are insufficient to determine whether the defendant chief of police can properly be held for the alleged acts of the agent and servant, or whether the person actually making the alleged assault was duly authorized by defendant.

Although plaintiff states in his declaration that the alleged trespass was committed by defendant's "agent or servants," it is clear from his brief and argument before us that he is in reality charging that the alleged trespass was committed by a subordinate member of the police department. The declaration does not charge, nor can it reasonably be inferred from any of the allegations therein, that defendant personally arrested and imprisoned plaintiff, or that he was present and participated with some other person under his charge or supervision in the alleged trespass, or that he commanded or ratified any such act.

It is true that plaintiff has alleged that the "agent or servants" were "duly authorized for that purpose." But it cannot reasonably be inferred that he means that a chief of police can "duly" authorize an illegal act by one of his subordinates. The most that may reasonably be inferred from the allegation "duly authorized for that purpose," consistent with the rules of pleading requiring clarity and certainty, is that a subordinate member of the police department committed the alleged trespass and that such subordinate was subject to the control and authority of defendant.

The plaintiff has apparently brought this action against defendant under the doctrine of respondeat superior. It is well settled that this doctrine is based on a principal and agent or master and servant relationship, and that in certain circumstances the principal or master becomes liable for the acts of his agents or servants. However, a chief of

police is a public officer exercising governmental functions. *Kelley* v. *Cook*, 21 R. I. 29. It is also well settled that the relation of master and servant or principal and agent does not exist between public officers and their subordinates, and therefore plaintiff cannot rely upon the doctrine of respondeat superior and claim that the act of the servant is the act of the master. *Gray* v. *Wood*, 75 R. I. 123, 126. As was stated in *Robertson* v. *Sichel*, 127 U. S. 507, 515: "A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."

The general principles of law involved in the instant case were extensively discussed in *Gray* v. *Wood, supra*, where at page 130 the court said: " * * * we recognize the right to sue a public officer for a personal act of misfeasance committed peculiarly against another even though it occurred in the discharge of his public functions; and, secondly, to make equally clear that we do not recognize the existence of any right to sue such officer for his acts of nonfeasance or for his subordinates' acts of misfeasance in which he did not participate." See also *Pavish* v. *Meyers*, 129 Wash. 605, 614, where the court stated: "But the policeman is, 'like the chief of police, a public servant,' and his acts are those of a public servant, and not those of the chief of police, except, of course, where the latter has directed the act to be performed."

It is our opinion that, in the absence of any allegations from which it could reasonably be inferred that the defendant took part in, commanded, or ratified the alleged trespass, the plaintiff has failed to state a cause of action against the defendant. Therefore the trial justice did not err in sustaining the demurrer.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*William E. McCabe,* City Solicitor, *James J. Corrigan,* Assistant City Solicitor, for defendant.