ROGER P. TESSIER *vs.* EDMUND JOSEPH LaNOIS.

MARCH 9, 1964.

PRESENT: Roberts, Powers and Joslin, JJ.

POWERS, J. This is an action of trespass for assault and battery and false arrest. It was tried to a superior court justice sitting with a jury and resulted in a directed verdict for the defendant. The case is before us on the plaintiff's

bill of exceptions to the verdict as directed, and to the denial of his motion for a direction as set forth in his bill.

In *Manekofsky* v. *Baker,* 92 R. I. 377, 169 A.2d 376, we pointed out that an exception will not lie in the absence of a specific ruling and the transcript in the instant case discloses that the trial justice apparently made no ruling on plaintiff's motion for a directed verdict. However, the bill of exceptions, as allowed by the trial justice, is to the contrary, and no objection having been made by defendant we deem the exception to have been properly taken.

The plaintiff called defendant as a witness, pursuant to the provisions of G. L. 1956, §9-17-14, and defendant's testimony constitutes all of the evidence in the case.

It appears therefrom that shortly before midnight on September 11, 1962, defendant, a police officer in the city of Woonsocket, was patrolling his beat when his attention was attracted by plaintiff making faces and sticking out his tongue at him. The plaintiff at this time was inside premises operated by his father as a poolroom. The defendant spoke to him, apparently in regard to his conduct, and then resumed patrolling his beat.

It further appears that when defendant was some twenty to thirty yards from plaintiff, which was half the distance to a police call box, plaintiff commenced to shout and heckle defendant in a perfectly audible manner for about fifteen or twenty seconds; and that defendant, terminating his conversation with some other person on the sidewalk, returned and without a warrant placed plaintiff under arrest. There is no indication that the language used by plaintiff was either profane or obscene.

The defendant, with plaintiff under arrest and in his custody, called the police station from the call box, plaintiff was taken in a police vehicle in custody of some other officer or officers, and defendant apparently resumed patrolling his post.

The record, as heretofore indicated, is so meager as to be barren of significant details. It is apparent, however, that as a result of the arrest plaintiff was charged with some offense and prosecuted in the district court. Counsel for plaintiff established that defendant testified at the ensuing trial, but the result thereof is not in the record.

On examination by his counsel, defendant was permitted to testify, without objection, that he informed plaintiff he was under arrest; that plaintiff offered some resistance; and that defendant used no more force than was necessary to effectuate the arrest.

At the close of this testimony both parties rested. Each moved for a directed verdict and the trial justice granted that of defendant.

The case was tried on two counts in the declaration, namely, false arrest and assault and battery, respectively. A third count of malicious prosecution was withdrawn before trial, and is therefore not part of the record before us. The defendant pleaded only the general issue.

The plaintiff argues, and correctly, that in an action of trespass for an intentional wrong, defendant may not show justification under the general issue. Here, he stresses no special plea was entered and defendant went to trial on the general issue only.

The defendant, however, relies on *Collier* v. *Jenks*, 19 R. I. 493, and *Corbin* v. *Gomes*, 49 R. I. 300, wherein this court held that evidence offered in justification and to which no objection is made is properly received under the general issue, and, since such are the circumstances here, plaintiff has waived his rights and cannot now be heard to object.

We are in full accord with the principles laid down in the cases cited and with defendant's contention as to their applicability in the instant case. However, the question of whether the force used by defendant in effectuating the arrest was no more than necessary will be determined by the

further question of whether the arrest was lawful. This in turn depends on whether the testimony on which the trial justice relied is sufficient in law to support his decision, conceding its legality.

The principle is well settled that a police officer may use such force as is necessary to effectuate the arrest, *Sheehan v. West,* 27 R. I. 84, and the only evidence here is that defendant used no more force than was necessary.

The record is silent on the nature of the offense as conceived by defendant, which prompted him to exercise his authority, except for whatever may be reasonably inferred from plaintiff's behavior as related by defendant. There is nothing about defendant's testimony which even remotely suggests that he had reasonable ground to believe that plaintiff had committed or was engaged in the commission of a felony.

What is more probable is that defendant construed plaintiff's conduct to constitute a misdemeanor and acted pursuant to the provisions of G. L. 1956, §12-7-3, which are in part as follows:

> "A peace officer may without a warrant arrest a person for a misdemeanor, whenever:
>
> "(a) The officer has reasonable ground to believe that a misdemeanor has been or is being committed in his presence and that the person to be arrested has committed or is committing it."

But plaintiff's behavior, derogatory, insulting and provocative though it may have been, has not been declared to be a misdemeanor by the legislature of this state, nor was it cognizable as such at common law. *State* v. *Avnayim,* 24 Conn. Sup. 7; *State* v. *Reynolds,* 243 Minn. 196. 17 Am. Jur., Disorderly Conduct, §1, p. 187. His conduct is, however, consistent with offenses prohibited by municipal ordinances, and it is conceivable that defendant may have had knowledge of an applicable ordinance in the instant case. If so, however, he has not brought such knowledge to the

attention of the court and specific municipal ordinances are not susceptible of judicial notice. See *Town of Lincoln* v. *Cournoyer*, 95 R. I. 280, 186 A.2d 728.

We are forced to the conclusion that defendant acted without justification in making the arrest. It follows, therefore, as to each count, that defendant's motion for a directed verdict should have been denied while that of the plaintiff should have been granted.

All of the plaintiff's exceptions are sustained, and the defendant may appear in this court on March 18, 1964 to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter a directed verdict for the plaintiff on each count superseding the directed verdict for the defendant heretofore entered, and to order a new trial for the assessment of damages only, on the basis of the record herein reviewed.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Aram A. Arabian,* for defendant.

