207 A.2d 296.

FRANCIS C. AHERN *vs.* MICHAEL W. LYNCH.
BRUCE E. BAND *vs.* RICHARD J. JONES.

FEBRUARY 25, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. These actions of trespass for false imprisonment are in this court on the exception of the plaintiff in

each case to a decision of a justice of the superior court overruling the plaintiff's demurrer to the defendant's special plea in justification and to his rulings declaring the plaintiffs nonsuit and denying their motions for directed verdicts of guilty. There is agreement between the parties in each case that the issues raised therein are identical and that the cases were tried together to a jury in the superior court for that reason. We will then, as a matter of convenience, in this opinion treat the issues as if they arose in a single case, intending, however, that whatever conclusions we reach shall apply to and be dispositive of each bill of exceptions now before us.

The plaintiff alleges in his declaration that he had been arrested and detained by defendant without reasonable or probable cause. The defendant pleaded the general issue and, in addition, pleaded specially in justification, alleging that he was a peace officer and a permanent member of the police department of the city of Warwick; that "the said defendant, had reason to suspect that the plaintiff had committed a misdemeanor and demanded of him, his name, address, business abroad and whither he was going, and said plaintiff did fail to identify himself and explain his actions to the satisfaction of said defendant, being then and there a peace officer, whereupon, the defendant further detained and further questioned and investigated the plaintiff"; and that "the said defendant in so detaining the said plaintiff did so in accordance with Title 12, Chapter 7, Section 1, of the General Laws of Rhode Island, 1956, the said detention by said defendant not exceeding two hours, and that such detention was a lawful and just one for the cause aforesaid * * *."

General laws 1956, §12-7-1, authorizes a peace officer to "detain any person abroad whom he has reason to suspect is committing, has committed or is about to commit a crime"; to make such inquiries of him as are prescribed in the act; and, when the disclosures made pursuant there-

to are unsatisfactory, to detain him for further investigation which in time shall not exceed two hours. In *Kavanagh* v. *Stenhouse*, 93 R. I. 252, we held that the state could in a proper exercise of its police power distinguish between arrest and a mere detention for investigation when the detaining officer had "reason to suspect" some criminal act involving the detainee. We further held in that case that "reason to suspect" constitutes a reasonable standard for so detaining a person abroad as is consistent with the constitutional right to be free from arrest without warrant except on the basis of probable cause. It is obvious that plaintiff seeks to obtain a review of the position we took in that case, but it is our opinion that in the state of the pleadings here the issue as to the constitutionality of a detention under §12-7-1 is not before us.

The plaintiff demurred to defendant's plea on constitutional grounds, and, while the trial justice overruled the demurrer, the record does not disclose his reasons for so acting. It is our opinion, however, that he erred, the plea being on its face insufficient to justify the detention as based on reasonable grounds to suspect that plaintiff had committed a misdemeanor. To the contrary, the plea states only as a conclusion of law that the detention was so based without alleging facts upon which this legal conclusion could rest.

A plea of justification is a plea in confession and avoidance, and "It must meet and justify the cause of action stated in the declaration." *Wright* v. *Union Railroad Co.*, 21 R. I. 554, 555. The declaration in that case charged the defendant with an assault in that he struck and kicked the plaintiff and threw him from the platform of a moving electric car. The defendant, pleading justification, alleged that the plaintiff was a trespasser on the car who was stealing a ride and that he was removed therefrom using only such force as was necessary. The court there held the plea to be demurrable in that it did not answer the allegations

of the declaration relating to the extraordinary or excessive violence employed in removing the plaintiff from the car.

In our opinion defendant's plea in justification in the instant case is demurrable for the same reason. It is fundamental that plaintiff's demurrer does not admit the conclusions of law stated therein. Consequently, defendant's failure to allege therein facts which would on demurrer establish the existence of reason to suspect renders the plea deficient as justification of the allegation in the declaration that the detention was without reasonable or probable cause. We are persuaded that in these circumstances the question of whether defendant's detention of plaintiff resulted from defendant's having reason to suspect some criminal act on the part of plaintiff is not before us, and consequently the question of whether §12-7-1 as enacted by the legislature violates the constitutional provisions to which our attention is directed is likewise not before us.

We are of the opinion that the trial justice erred in overruling the plaintiff's demurrer to the special plea and that the demurrer should have been sustained. The case should now be remitted to the superior court for appropriate further proceedings which, of course, might include the defendant's amendment of the plea. Because we take this view, it will be unnecessary for us to consider and pass upon the validity of the ruling of the trial court declaring the plaintiff to be nonsuit.

In each case the plaintiff's exception to the decision of the trial justice overruling his demurrer is sustained, his other exceptions are overruled pro forma, and each case is remitted to the superior court for further proceedings in accordance with this opinion.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiffs.

*James P. Quirk,* for defendants.