283 A.2d 263.

## Francis C. Ahern vs. Michael W. Lynch.

NOVEMBER 8, 1971.

Present: Roberts, C. J.. Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. This appeal is from a judgment entered in the Superior Court granting the defendant's motion for a directed verdict in an action of trespass for false arrest.

The facts pertinent to a resolution of this case are as follows. In October of 1960, plaintiff brought an action of trespass for false arrest against defendant, a member of the Police Department of the City of Warwick. The defendant originally ·pleaded a defense of two counts, the first being a general denial and the second being one of justification, that is, confession and avoidance predicated upon the provisions of G. L. 1956, §12-7-1.[1] The plaintiff

---

[1] General Laws 1956, §12-7-1 reads as follows:

"Temporary detention of suspects.—A peace officer may detain any person abroad whom he has reason to suspect is committing, has committed or is about to commit a crime, and may demand of him

demurred to the special plea of justification, but this demurrer was overruled by the Superior Court. Upon plaintiff's appeal to this court from the Superior Court's direction of a verdict against him, we held that plaintiff's demurrer should have been sustained and we remitted the case to the Superior Court for further proceedings, noting that such proceedings "might include the defendant's amendment of the plea." *See Ahern* v. *Lynch,* 99 R. I. 316, 319, 207 A.2d 296, 298 (1965).

At the second trial, as plaintiff pointed out in his brief, defendant filed no further pleas, leaving only the plaintiff's count for false arrest and defendant's general denial. The case then proceeded to trial on the merits and, immediately after the jurors were sworn in, plaintiff rested without presenting any testimonial evidence. The defendant thereupon moved to dismiss and for a directed verdict. The Superior Court granted defendant's motion for a directed verdict whereupon plaintiff claimed this appeal.[2]

In his brief, as well as in his oral argument, plaintiff states that the issue raised by his appeal is as follows:

> his name, address, business abroad and whither he is going; and any such person who fails to identify himself and explain his actions to the satisfaction of such peace officer may be further detained and further questioned and investigated by any peace officer; provided, in no case shall the total period of such detention exceed two (2) hours, and such detention shall not be recorded as an arrest in any official record. At the end of any such detention period the person so detained shall be released unless arrested and charged with a crime."

[2]Pending the appeal in this court, plaintiff filed a motion to establish the truth of the transcript and pleadings. On March 5, 1971, after a hearing thereon, the Superior Court entered an order to the effect that the demurrer to defendant's plea of confession and avoidance, being a plea of justification, was sustained as of the date of the opinion of this court on February 25, 1965, in *Ahern* v. *Lynch,* 99 R. I. 316, 207 A.2d 296 (1965).

"At a trial on the merits what is the legal effect of admissions of fact in the defendant's plea of confession and avoidance?"

He then proceeds to argue that a plaintiff is spared the necessity of proving all matters admitted by defendant in his answer.

The short answer to plaintiff is that the record before us does not raise the issue posited by him. The narrow issue presented by this appeal is whether the Superior Court erred in directing the verdict for defendant on the latter's motion after plaintiff opened and rested without introducing any testimonial evidence whatsoever. We find no error.

The Superior Court correctly treated this case as though the plea of justification had been stricken from the record. The only pleadings before it in the instant proceeding were, as the plaintiff admitted in his brief, the plaintiff's complaint and the defendant's general denial. Since the plaintiff failed to present any evidence to make out a prima facie case, the Superior Court correctly granted the defendant's motion for a directed verdict. The cases cited by plaintiff are inapposite. In our judgment no further discussion is necessary, except to note that since the plaintiff presented no evidence on damages, even if he were to prevail here, all he would be entitled to on a remand would be nominal damages. See *Tessier* v. *LaNois*, 97 R. I. 414, 198 A.2d 142 (1964).

The judgment is affirmed.

*Aram K. Berberian,* for plaintiff.

*Robert C. Hogan,* Assistant City Solicitor, for defendant.