321 A.2d 431.

ARAM K. BERBERIAN *vs.* CLARENCE I. MITCHELL.

JULY 12, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a civil action with two counts. One is for false arrest and the other for assault and battery. After a trial before a Superior Court justice sitting without a jury, a judgment was entered for the defendant for costs. The plaintiff appealed.

It appears that on May 18, 1960, plaintiff's automobile was tagged because it was parked in a portion of a municipal parking lot which was posted as being reserved for fire vehicles only. When he discovered the tag, plaintiff removed it, entered the police station adjacent to the parking lot, tossed the tag on the duty sergeant's desk, and then proceeded to leave the building. The defendant, upon learning of the incident, went to the main entrance of the station and called to plaintiff to return. The plaintiff complied and when he entered the station lobby, defendant asked him for his automobile driver's license so that he could complete the report required by department regulations. The plaintiff refused to exhibit his license, at which point defendant ordered a plainclothes police officer "to bring Mr. Berberian into the main station." The plaintiff replied that he had no intention of returning voluntarily and that he would have to be taken by force. The officer thereupon approached plaintiff, put one hand on his arm, and walked him into the squad room. The plaintiff offered no resistance. Once inside, however, he stretched out on the floor on his back.

While defendant was pondering what to do next, his telephone rang and he entered his office to answer it. He then heard a noise behind him, turned, and saw plaintiff going out the door with a police officer in pursuit. The plaintiff was quickly apprehended and charged with behaving in a disorderly manner, on which charge he was subsequently found guilty by a jury in the Superior Court. We reversed on appeal, holding that the trial justice should have directed the jury to return a verdict for the defendant

in that case. *State* v. *Berberian,* 93 R. I. 318, 175 A.2d 282 (1961).

Without objection from defendant, a copy of the opinion in that case was introduced into evidence as an exhibit. It discloses that defendant told plaintiff he would be held unless he produced his license, that the complaint against him was predicated on his resisting arrest and creating a disturbance in the police station and adjacent parking lot, that he had not violated any law when he parked his automobile in the area posted as being reserved for fire department vehicles only, that his refusal to exhibit his automobile driver's license did not constitute a violation of law, and that there was nothing in the record indicating that he was detained under the provisions of G. L. 1956, §12-7-1.[1]

On these facts, the issue is whether defendant was liable for false arrest. The trial justice found that plaintiff had not been told that he was under arrest, that he was free to leave for the asking, that she was "* * * not convinced that the action of the defendant in telling an officer to bring the plaintiff from the lobby into the main station constituted an arrest, [and that] such action [was] consistent with an attempt to persuade the plaintiff to show his license in order that the incident might be closed."

---

[1] That statute is now G. L. 1956 (1969 Reenactment) §12-7-1 and reads as follows:

"Temporary detention of suspects.—A peace officer may detain any person abroad whom he has reason to suspect is committing, has committed or is about to commit a crime, and may demand of him his name, address, business abroad and whither he is going; and any such person who fails to identify himself and explain his actions to the satisfaction of such peace officer may be further detained and further questioned and investigated by any peace officer; provided, in no case shall the total period of such detention exceed two (2) hours, and such detention shall not be recorded as an arrest in any official record. At the end of any such detention period the person so detained shall be released unless arrested and charged with a crime."

We cannot agree with her conclusions. In our judgment an arrest took place when the police officer, responding to defendant's order, placed a hand on plaintiff's arm as he was about to leave the station and led him through the station lobby and into the squad room. At that point what was decisive was not whether the officer told plaintiff he was under arrest, but whether plaintiff's freedom of movement was interfered with, and, if it was, that action alone constituted an arrest. *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.,* 105 R. I. 605, 613-14, 254 A.2d 285, 290 (1969). It is immaterial that plaintiff submitted rather than resisted, so long as he was fearful that force would be used unless he did so. *Berberian* v. *Smith,* 99 R. I. 198, 206 A.2d 531 (1965); *State* v. *Dufour,* 99 R. I. 120, 127, 206 A.2d 82, 86 (1965). And he obviously had reason for his fear, because when he subsequently fled the squad room, he was pursued, apprehended, and charged.

The defendant, admitting arguendo that there may have been a "technical arrest," does not deny responsibility for the acts of his subordinate, *see Giroux* v. *Murphy,* 88 R. I. 280, 147 A.2d 465 (1959), but seeks to avoid the consequences by arguing that he had reasonable grounds to believe that plaintiff had committed a misdemeanor in his presence and that he was therefore justified in restraining him. *Cioci* v. *Santos,* 99 R. I. 308, 311, 207 A.2d 300, 302 (1965). The record, however, is completely devoid of any evidence indicating that defendant entertained such a belief, or that there was any ground upon which, if entertained, such a belief could reasonably rest. In short, there were no facts or circumstances which, at the moment of arrest, would warrant a man of reasonable caution in believing that plaintiff committed or was committing a criminal offense, and absent such facts or circumstances there was probable cause neither for an arrest, *State* v. *Soroka,* 112 R. I. 392, 394-96, 311 A.2d 45, 46-47 (1973), nor for a

442

temporary detention under §12-7-1, *State* v. *Ramsdell*, 109 R. I. 320, 322-23, 285 A.2d 399, 402 (1971).

For the reasons indicated, judgment on the false arrest count must be reversed. The plaintiff must be deemed, however, to have waived any claim of error, if such existed, in the trial justice's failure to find for him on the assault and battery count. This is so because he neither briefed nor argued the matter.

All that remains in this case is the assessment of damages. In her view of the case, that was a matter which the trial justice was not required to reach. Had she done so, she would have found that the only basis for a recovery of anything more than nominal damages was the testimony that plaintiff had expended $300 for the employment of counsel in the criminal proceedings in *State* v. *Berberian*, *supra*. A plaintiff's right to recover those expenses as damages in a false arrest case, however, is a question on which the authorities are divided. *See* Annot., 21 A.L.R.3d 1068, 1087-88 (1968).

In these peculiar circumstances, it seems to us expedient that the issue be resolved by this court rather than be remitted to the Superior Court for its decision and perhaps a further appeal. *Tessier* v. *LaNois*, 98 R. I. 333, 201 A.2d 927 (1964); *Tessier* v. *LaNois*, 97 R. I. 414, 418, 198 A.2d 142, 144 (1964).

Accordingly, the judgment appealed from is sustained as to the assault and battery count; the plaintiff is given until August 20, 1974, to file a brief on the question of what amount he shall recover on the false arrest count, and within 20 days from the filing thereof, the defendant may file a reply brief; and thereafter the case shall be remitted to the Superior Court with direction to enter a judgment for the plaintiff on the false arrest count.

*Berberian & Tanenbaum, Aram K. Berberian,* for plaintiff.

*Robert C. Hogan,* Asst. City Solicitor, City of Warwick, for defendant.