329 A.2d 189.

ERNEST JOSEPH GINGRAS *vs.* ALVIN G. RICHMOND *et al.*

DECEMBER 16, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This action of trespass[1] for false arrest and assault and battery was tried to a jury in the Superior Court. After both sides had rested, the trial justice granted the defendants' motion for a directed verdict on the assault and battery count, and the plaintiff's motion for a directed verdict as to liability on the false arrest count. The case was then submitted to the jury on the question of damages for false arrest. The jury returned a verdict for the defendants, and the plaintiff appealed.

There are only two errors assigned, and both are to portions of the trial justice's instructions to the jury. The first is to that part of the charge instructing the jurors to return a verdict for defendants unless satisfied that plaintiff had established by a fair preponderance of the evidence that he had sustained some actual damage. The plaintiff claims that this was error, and in support argues that once he established his right to get to the jury he was entitled to an award of at least nominal damages. We agree. It is widely recognized that the action for false arrest was derived from common law trespass, and like actions for trespass to real and personal property, its success is not contingent on proof of actual damage. Whenever one's rights to be free from intentional trespass have been abridged, these rights must be vindicated at least by an award for nominal damages. Prosser, *Torts* §12 at 54-56 (3d ed. 1964). *See Ahern* v. *Lynch,* 109 R. I. 218, 283 A.2d 263 (1971); *Tessier* v. *LaNois,* 98 R. I. 333, 201 A.2d 927 (1964); *Tessier* v. *LaNois,* 97 R. I. 414, 198 A.2d 142 (1964).

The plaintiff also assigns as error the instruction that an award for punitive damages was precluded unless the

---

[1]This action, although commenced when common law forms of action were used, was tried after they had been replaced by the new rules of civil procedure provided for by Super. R. Civ. P.

jury found him entitled to compensatory damages. This alleged error is not properly before us because the plaintiff failed to request a particular charge on that issue, or to object, stating the grounds therefor, to the instruction given. *Halpert* v. *Rosenthal*, 107 R. I. 406, 418, 267 A.2d 730, 736 (1970); *Paquin* v. *Providence Washington Ins. Co.*, 106 R. I. 267, 268, 259 A.2d 115, 116 (1969); Super. R. Civ. P. 51(b).

In the circumstances it is apparent that the judgment for the defendants cannot be allowed to stand and that the plaintiff's appeal must be sustained. Accordingly, the parties may appear in this court on Thursday, December 19, 1974, to show cause, if any they have, why the case should not be remitted to the Superior Court with direction to enter a directed verdict for the plaintiff on the false arrest count for nominal damages only.

*Berberian & Tanenbaum, Aram K. Berberian,* for plaintiff.

*Louis A. Mascia,* City Solicitor, *V. Paul McGinn,* Asst. City Solicitor, for defendants.