**GRIMES BOX COMPANY, INC.**

v.

**Daniel MIGUEL.**

No. 83–555–Appeal.

Supreme Court of Rhode Island.

June 3, 1986.

Raul L. Lovett, Lovett Schefrin & Gallogly, Ltd., Lauren E. Jones, Jones & Eisenberg, Providence, for petitioner.

George E. Salem, Healy & Salem, Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the employee from a decree of the Workers' Compensation Commission granting the employer's petition to review for suspension of benefit payments.

The following facts are not in dispute. The employee, Daniel Miguel, had been working for the employer, Grimes Box Company, for one-and-a-half years when on May 27, 1978, he hit his head on a pipe while straightening up after having bent over to pick up a box. On January 12, 1979, employee was awarded total disability benefits for this injury. He was subsequently compensated for partial incapacity. The employer filed a petition to review on April 9, 1980, alleging that employee's partial incapacity had ended and that he could return to selected light work. The petition was granted, and the commission affirmed.

On appeal, we address the following issues: (1) whether there is any competent legal evidence in the record to support the commission's finding that employee is no

longer disabled as a result of his work-related May 27, 1978 head injury and (2) whether the trial commissioner erred in relying upon the medical testimony he found most persuasive.

## I

In the instant case, employee contends that employer failed to meet its threshold burden of proving that employee's incapacity had ceased. Moreover, employee argues that employer failed to prove that his return to work would not result in a material risk of reinjury.

Conversely, employer's main contention on appeal is that there is competent legal evidence to support the commission's decree. Further, employer argues that it is responsible only for an incapacity that is work related.

It is well established in workers' compensation cases that findings of fact by a trial commissioner that are affirmed by a final decree of the commission are conclusive if there is any competent legal evidence to support the commission's decision. *Simon v. Health-Tex, Inc.*, 490 A.2d 50 (R.I. 1985); *Trotta v. Brown & Sharpe Manufacturing Co.*, 86 R.I. 247, 134 A.2d 173 (1957). This court shall not intervene in the absence of fraud unless a question of law or a mixed question of fact and law is in issue. *Emmett v. Town of Coventry*, 478 A.2d 571 (R.I. 1984); *Silva v. James Ursini Co.*, 475 A.2d 205 (R.I. 1984).

In the instant case, medical testimony was elicited from numerous expert witnesses. The employer's medical expert, Dr. David M. Barry, examined employee on two occasions in 1979 and 1980. The doctor testified that employee's illness stemmed from a severe head injury suffered in 1958. He opined that it was unlikely that the relatively minor injury of May 1978 was the cause of any present disability, and he concluded that employee was capable of resuming his former employment tasks.

The testimony of Dr. J. Wallace Conklin was also heard by the commissioner. Doctor Conklin first examined employee shortly after the work-related injury occurred and continued to see him at three-week intervals thereafter. He testified that it is not unusual for such head injuries to result in persistent spells of dizziness and headaches such as those complained of by employee. Doctor Conklin concluded that employee was totally disabled and thus unable to function at his former employment.

As a result of the conflicting medical opinions regarding employee's disability, the commissioner, pursuant to G.L. 1956 (1979 Reenactment) § 28–35–24, appointed Dr. Melvyn Gelch as an impartial medical examiner. In December 1980 the doctor conducted a thorough physical examination of employee. He found that employee's dizziness resulted not from physical injuries but rather from employee's emotional condition. The doctor concluded that "this complaint of head pain is definitely * * * not associated with the accident while in the employ of Grimes Box Company in 1978." He further testified that if employee's other non-work-related difficulties were discounted, then he would allow employee to return to his former employment.

■ As noted above, factfinding is clearly within the commission's province and we review only to determine whether there is competent legal evidence to support those findings. *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 449, 399 A.2d 1229, 1232 (R.I. 1979). In a case such as this one, a question of law is presented as to whether an injury arose out of and in the course of employment when the facts, as found by the commission and supported by competent legal evidence, permit reasonable men to draw only one conclusion. *Id.* at 449, 399 A.2d at 1234. We concur with the findings of both the commissioner and the commission that the injury suffered by employee almost eight years earlier no longer warrants workers' compensation benefits. At a minimum, the commission's findings are supported by competent legal evidence.

## II

The employee contends that the trial commissioner erred in relying upon the medical testimony he found most persuasive and urges this court to adopt a rule that would afford greater weight and probative value to the testimony of one's personal physician. We decline to do so.

The employee's treating physician stated that employee was disabled due to headaches and dizziness. However, at a compensation hearing, the testimony presented is always subject to evaluation by the trial commissioner, and some or all of a witness's testimony may be rejected by the commissioner as unworthy of belief. *Delage v. Imperial Knife Co.*, 121 R.I. 146, 396 A.2d 938 (1979). The trial commissioner is in the best position to observe the appearance of a witness, his demeanor, and the manner in which he answers questions. These impressions are invaluable in assessing the credibility of witnesses and ultimately in determining what evidence to accept and what evidence to reject. *Davol, Inc. v. Aguiar*, 463 A.2d 170, 174, (R.I. 1983). In fact, this court has stated in the past that even positive, uncontradicted testimony may be rejected by the commissioner if he determines that the testimony is either inconsistent or inherently improbable. *Hughes v. Saco Casting Co.*, 443 A.2d 1264 (R.I. 1982).

■ To adopt employee's position that greater weight should be given to the testimony of the treating physician would be inconsistent not only with our earlier decision in *Davol, Inc., supra,* (trial commissioner is in best position to assess credibility and determine what evidence to accept or reject), but also with the rationale underlying § 28–35–24, which allows the commissioner to appoint an impartial medical examiner when conflicting medical testimony is present. Accordingly, we find no merit in employee's contention that the testimony of the treating physician should be afforded greater weight and probative value.

■ Finally, the employee contends that the commission must independently weigh the entire record before filing its decision. We strongly disagree. As this court stated in *Davol Inc.*, 463 A.2d at 174, the commission exceeds its scope of review when it undertakes a de novo review of conflicting medical testimony without first finding that the trial commissioner was clearly wrong. Absent a finding that the trial commissioner misconceived or overlooked material evidence, the commission should not review and reject the factual findings of the trial commissioner. *Mulcahey v. New England Newspapers, Inc.*, 488 A.2d 681, 683 (R.I. 1985).

Accordingly, the employee's appeal is denied and dismissed, and the decree appealed from is affirmed.