The DIOCESE OF PROVIDENCE et al.

v.

Maria C. VAZ

v.

CARTER DAY NURSERY et al.

Nos. 94–757–M.P., 94–760–M.P.

Supreme Court of Rhode Island.

July 22, 1996.

Lauren Jones, Robert Smith Thurston, George Salem, Providence, for Plaintiff.

Michael Farley, Providence, for Defendant.

## OPINION

BOURCIER, Justice.

This matter comes before us on a petition for certiorari filed by the Diocese of Providence (Diocese) and the Carter Day Nursery following a decision by the Appellate Division of the Workers' Compensation Court, finding that the respondent, Maria C. Vaz (Vaz), was totally disabled owing to a psychic injury flowing from a work-related physical injury. Also before us is Vaz's petition for certiorari alleging that the trial justice's finding that Vaz's original work-related physical disability had ended and the subsequent decision of the Appellate Division affirming that determination were both erroneously decided. We grant the Diocese's petition and deny Vaz's petition.

On May 8, 1992, Vaz asserts that she injured her back while lifting a tub of water during the course of her employment at the Carter Day Nursery, a day-care facility run by the Diocese. She was awarded partial-disability workers' compensation benefits for her back injury commencing on June 16, 1992. On January 13, 1993, the Diocese petitioned to review the back injury compensation award, WCC 93–482, alleging therein that Vaz's physical incapacity had ended. A hearing on that petition began and concluded on June 7, 1993. Vaz, however, on August 2, 1993, moved to reopen the hearing proceedings so as to permit her to assert a claim for psychic disability allegedly resulting from the physical back injury for which she was then receiving workers' compensation benefits, pursuant to G.L.1956 § 28–35–45(c).[1] Vaz's

motion to reopen was granted. At the reopened hearing on January 21, 1994, John Ruggiano, M.D. (Dr. Ruggiano), testified that, on June 10, 1993, the one and only time on which he had occasion to examine Vaz, she was totally disabled owing to an adjustment disorder with depression that flowed from her original work-related back injury. That single visit with Dr. Ruggiano was, as previously noted, the full extent of Vaz's treatment for her alleged psychic disorder. The trial judge, in a bench decision, on January 31, 1994, found that Vaz had recovered from her work-related back strain physical incapacity. He also found that Vaz was totally disabled as the result of a psychic flow-through injury as of June 10, 1993, but that there was no evidence from Dr. Ruggiano to indicate that the psychic incapacity continued beyond June 10. The trial judge therefore terminated Vaz's compensation benefits. Vaz appealed.

The Workers' Compensation Court Appellate Division, acting on Vaz's appeal, in a decision entered December 2, 1994, affirmed the trial judge's decision in regard to Vaz's recovery from her work-related physical back injury disability, but it reversed the trial judge's finding concerning Vaz's psychic flow-through disability. The Appellate Division found Vaz to be totally incapacitated as a result of the psychic flow-through disability. However, the Appellate Division also found that disability to be of a continuing nature, contrary to the finding of the trial judge. The Appellate Division entered its final decree embodying those findings on December 12, 1994. Petitions for certiorari by the Diocese and Vaz followed therefrom.

During the pendency of the Appellate Division's consideration of the Diocese's appeal of WCC 93–482, Vaz filed a separate and original petition to review, alleging therein that her psychic injury had returned or increased as of February 17, 1994, which date coincided with the date of the trial judge's decision denying her benefits on the Diocese's petition to review. Vaz's petition was WCC 94–5392. In that petition she alleged her injury to be

---

**1.** Throughout this decision we will refer to injuries that stem from a work-related injury and for which continuing benefits are deemed necessary, pursuant to G.L.1956 § 28–35–45(c), as "flow-through injuries."

the psychic flow-through injury that she had previously raised in defense to the Diocese's petition, WCC 93–482. Vaz's petition to review due to her alleged return of disability from her psychic injury was denied at pretrial on July 28, 1994. She thereafter filed her claim for trial, but that claim was withdrawn shortly after filing, on August 15, 1994.

■ The Diocese asserts, in its petition for certiorari, that the Appellate Division erroneously employed the de novo standard of review in its examination of the trial judge's decision on WCC 93–482. We agree. Pursuant to G.L.1956 § 28–35–28(b) a trial judge's findings on factual matters are final unless "clearly erroneous." In this case the trial judge's finding that Vaz's flow-through injury was not of a continuing nature was a factual matter to be determined by the trial judge on the basis of the medical evidence presented to him. We acknowledge that § 28–35–28(a) permits a de novo standard of review. *Davol, Inc. v. Aguiar,* 463 A.2d 170 (R.I. 1983). However, the Appellate Division, in employing that standard of review, is limited to the record made at the trial before the trial judge, *Whittaker v. Health–Tex, Inc.,* 440 A.2d 122 (R.I.1982), and may not undertake a de novo review of conflicting medical testimony and reject the trial judge's finding thereon, as it did in this case, without first making a finding that the trial judge was clearly wrong. Section 28–35–28(b); *Grimes Box Co. v. Miguel,* 509 A.2d 1002 (R.I.1986).

The Appellate Division's reliance upon *Bottiglieri v. Caldarone,* 486 A.2d 1085, 1087 (R.I.1985) and *Moretti v. Turin, Inc.,* 112 R.I. 220, 223, 308 A.2d 500, 502 (1973), is misplaced. In 1986 this Court stated in *Grimes:*

"Finally, the employee contends that the commission must independently weigh the entire record before filing its decision. We strongly disagree. As this court stated in *Davol, Inc.,* 463 A.2d at 174, the commission exceeds its scope of review when it undertakes a de novo review of conflicting medical testimony without first finding that the trial commissioner was clearly wrong. Absent a finding that the trial commissioner misconceived or overlooked material evidence, the commission should not review and reject the factual findings of the trial commissioner." *Grimes,* 509 A.2d at 1004 (citing *Mulcahey v. New England Newspapers, Inc.,* 488 A.2d 681, 683 (R.I.1985)).

In 1992 the General Assembly amended § 28–35–28 (P.L.1992, ch. 31, § 13) by adding sub-section (b) therein which mirrors what we said in *Grimes* and provides that "the findings of the trial judge on factual matters shall be final unless an appellate panel finds them to be clearly erroneous." The Appellate Division consequently erred in applying a general de novo standard in its review of WCC 93–482 without utilizing in that review process the clearly erroneous standard with regard to any findings of fact made by the trial judge as specifically mandated by § 28–35–28(b). In this case the trial judge's finding that Vaz's flow-through psychic injury was not of a continuing nature was a finding of fact. The Appellate Division's decision reveals that it failed to apply the required clearly erroneous standard of review in reversing that finding of fact.

In *Soprano Construction Co. v. Maia,* 431 A.2d 1223, 1225 (R.I.1981), we held that "one who asserts the affirmative in a workers' compensation petition has as his burden to establish by competent legal evidence the essential elements that entitle him to relief under the Workers' Compensation Act." In an employer's petition to review, the employer must establish that the employee is no longer disabled by the work-related injury for which the employee was receiving workers' compensation benefits. In the course of such hearing, a trial court has jurisdiction, pursuant to § 28–35–45(c), to hear evidence establishing a flow-through injury. When claim of such, as well as evidence thereof, is raised in defense to an employer's petition to review, it becomes in the nature of an affirmative defense and the employee asserting that defense, in this case, Vaz, bears the burden of establishing the existence of the essential elements of that claim, being the flow-through disability and its continuing nature. *See Duquette v. Godbout,* 416 A.2d 669 (R.I.1980)(discussion of affirmative defenses).

■ At the hearing before the trial judge on the Diocese's petition to review, Vaz failed to produce sufficient evidence to sustain her burden on her affirmative allegation of a continuing psychic flow-through disability. There was insufficient evidence in the record from which the trial judge could make any finding that would support Vaz's allegation that her psychic flow-through injury was of a continuing nature. The only evidence presented by Vaz to support her allegation of a psychic flow-through injury was the very limited testimony of Dr. Ruggiano, a psychiatrist, who examined her on just one occasion and who never saw her or treated her thereafter. There was no evidence produced to show that the psychic flow-through disability that Dr. Ruggiano found present during his one examination of Vaz continued to exist at the time of trial or to exist thereafter. The Appellate Division's outright rejection of the trial judge's finding concerning the psychic flow-through injury and its duration without any reference to the trial judge's finding being clearly erroneous requires reversal of the Appellate Division's de novo finding thereon.

Because we conclude that the trial judge did not err in his denial of Vaz's claim for psychic flow-through incapacity, we need not address the question of whether Vaz is required to receive treatment for her flow-through incapacity since the Diocese is not obligated to pay compensation for that injury. Moreover, since our decision is consistent with the ruling on Vaz's petition No. 94–5392, we need not address whether Vaz is entitled to payments beyond the date of the ruling on that petition.

■ As far as Vaz's petition for certiorari is concerned, we conclude that the record contains more than sufficient evidence to support the trial judge's determination that Vaz's work-related physical back injury disability had ended. The trial judge had before him the testimony of various medical experts concerning her back condition, and after considering the credibility of those experts and the weight of their opinions, he determined that the Diocese's experts were the more credible. Specifically, in regard to Vaz's treating physician, who was Vaz's primary witness in support of her work-related physical disability claim, the trial judge gave "his testimony very little weight in this matter." That factual medical-credibility determination was well within the trial judge's authority. A treating physician's testimony is not ipso facto entitled to more weight than that of other testifying physicians. *See Grimes Box Co. v. Miguel,* 509 A.2d 1002 (R.I.1986). We perceive from the record no error that would justify reversing the trial judge's finding that Vaz's work-related physical back injury disability had ended. The Appellate Division was correct in affirming that portion of the trial judge's decision.

Accordingly, Vaz's petition for certiorari is denied and the Diocese's petition for certiorari is granted. The decision of the Appellate Division is quashed in regard to its finding of a continuing psychic flow-through incapacity, but it is affirmed in regard to its finding that the original work-related physical disability had ended. The papers in this case are remanded to the Workers' Compensation Court.

FLANDERS, J., did not participate.