**Richard LAVOIE**

v.

**VICTOR ELECTRIC.**

No. 98–406–M.P.

Supreme Court of Rhode Island.

June 23, 1999.

Stephen M. Rappoport, Paul V. Mancini, East Providence, for plaintiff.

Benard Patrick Healy, Providence, Andrew S. Caslowitz, East Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 21, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. The petitioner, Richard Lavoie (Lavoie), sought to review by certiorari the entry of a decree of the Workers' Compensation Appellate Division in favor of Victor Electric. The decree reversed a finding of the Workers' Compensation Court that the petitioner had sustained a recurrence of his loss of earning capacity resulting from a previous work-related injury. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

Lavoie was injured at work at Victor Electric on or about November 23, 1989, and was paid benefits until February 6, 1992. Two subsequent petitions to review, alleging return to incapacity as of January 1993 and March 1995, were denied. In the first of these, the Workers' Compensation Court judge denied benefits on the ground that the injury claimed, fibromyalgia, was not work-related. The judge reviewing the second of these petitions made a similar finding.

On September 17, 1996, Lavoie filed the instant petition to review, alleging a return of incapacity as of July 8, 1996, and continuing, as a result of a work-related injury of November 1989. A hearing was held on March 3, 1997, before a third trial judge who accepted petitioner's allegation that his claim was not based on fibromyalgia. Therefore, the trial judge found as a factual matter that the injury underlying the third petition for review was different from the injury underlying Lavoie's previous two petitions for review. Concomitantly, the judge rejected Victor Electric's affirmative defense that res adjudicata barred relitigation of whether Lavoie's injury was work-related.

The trial judge discussed the medical examinations of Ralph A. DiGiacomo, M.D. (Dr. DiGiacomo), presented by Lavoie. In his deposition testimony, Dr. DiGiacomo stated that when he saw Lavoie on July 8, 1996, he found tenderness in the mid- to low-back region and observed muscle spasms in the paralumbar muscles, with limitation in range of motion of the lumbar spine fifteen to twenty degrees of forward flexion. Doctor DiGiacomo saw Lavoie in October 1996, and again in February 1997, at which time he was of the opinion that Lavoie was totally disabled from work, as the result of a disability due to the effects of the November 23, 1989 injury. Victor Electric presented a deposition and report of Peter Pizzarello, M.D. (Dr. Pizzarello), who examined Lavoie in October 1996. Doctor Pizzarello was of the opinion that Lavoie was not incapacitated to any degree, from an orthopedic viewpoint.

After reviewing the conflicting medical evidence presented by the two parties, the trial judge stated that he found the evidence and opinions of Dr. DiGiacomo to be the more persuasive and probative on the incapacity issue. Accordingly, he accepted that conclusion and rejected the opinion of Dr. Pizzarello.

Upon consideration of the evidence presented at trial, the trial judge found: "That on July 8, 1996, the petitioner sustained a recurrence of the effects of his work-related November 22, 1989 injury [and] * * * as a result of said recurrence, the petitioner has become totally incapaci-

tated for work on July 8, 1996 and continues to so remain."

"Pursuant to G.L.1956 § 28–35–28(b) a trial judge's findings on factual matters are final unless 'clearly erroneous.'" *Diocese of Providence v. Vaz,* 679 A.2d 879, 881 (R.I.1996).[1] Furthermore, *"the Appellate Division,* in employing that standard of review, is limited to the record made at the trial before the trial judge * * * and *may not undertake a de novo review of conflicting medical testimony and reject the trial judge's finding thereon * * * without first making a finding that the trial judge was clearly wrong."* (Emphases added.) *Id. See also Davol, Inc. v. Aguiar,* 463 A.2d 170, 173–74 (R.I.1983) ("when reviewing findings based on credibility determinations, the [Appellate Division] must first find the trial [judge's] findings clearly wrong or that the trial [judge] misconceived or overlooked material evidence in arriving at his determinations before independently weighing the evidence * * *.").

After examining the conflicting medical testimony, the trial judge found: (1) that Lavoie had suffered a recurrence of the effects of his work-related November 1989 injury; and (2) that the injury that triggered the present petition for review was not fibromyalgia, the injury underlying Lavoie's previous two petitions for review.

On appeal, the Appellate Division did not make a finding that the trial judge was clearly wrong before it rejected his factual findings. Instead, the Appellate Division reversed on the ground that Lavoie's present claim was barred under the doctrine of res adjudicata. The doctrine of res adjudicata renders conclusive a final judgment in a prior civil action between the same parties with regard to any issues that were litigated or that could have been litigated in the prior action. *ElGabri v. Lekas,* 681 A.2d 271, 275 (R.I.1996). In order for the doctrine to be applicable, there must be an identity of issues, the prior proceeding must have resulted in a final judgment, and the parties must be the same parties or in privity with the parties in the original proceeding. *Id.* Furthermore, we have previously established that the doctrine of res adjudicata should have limited application when the subject matter of the litigation is a petition to review decrees or agreements in workers' compensation cases. *Di Vona v. Haverhill Shoe Novelty Co.,* 85 R.I. 122, 125, 127 A.2d 503, 505 (1956).

"It is our opinion that in enacting sec. 12 [of P.L.1954, ch. 3297, art. III] the legislature intended to give both an employer and an employee a comprehensive right to litigate from time to time, on a petition to review or one based on a new injury, questions involving an increase or a decrease in the incapacity of the employee after an approved agreement or a decree has been entered. In our judgment it would do violence to the legislative intent to apply the doctrine of res adjudicata so as to preclude an employer or an employee from having an actual adjudication of the issue of alleged increased or decreased incapacity which may have inhered in the physical injury described in the agreement, although it had not become incapacitating at the time of the prior proceeding and decision." *Id.* at 126, 127 A.2d at 505.[2]

Here, the trial judge explicitly found that the injury underlying the petition for review was different from that underlying Lavoie's previous petitions for review. Therefore, the issues were not identical. Accordingly, the trial judge rejected Victor Electric's affirmative defense of res adjudicata. However, the Appellate

---

1. General Laws 1956 § 28–35–28(b) provides, in pertinent part: "The findings of the trial judge on factual matters shall be final unless an appellate panel finds them to be clearly erroneous."

2. The relevant portion of section 12 of P.L. 1954, ch. 3297, is now enacted in amended form as G.L.1956 § 28–35–45, which is entitled "Review and modification of decrees."

Division did not make a finding that the trial judge was clearly wrong in relying on Dr. DiGiacomo's opinion rather than on Dr. Pizzarello's before it rejected the trial judge's finding that the issue raised by this petition was not the same as that raised in Lavoie's previous petitions. Therefore, we hold that the Appellate Division erred.

For these reasons, we grant the petition for certiorari and quash the decree of the Appellate Division. We remand this case to the Appellate Division which may either affirm the trial judge's decision or, in the alternative, make findings in accordance with § 28–35–28(b) and *Diocese of Providence v. Vaz,* 679 A.2d 879 (R.I.1996), that the trial judge was clearly wrong. The papers in the case are remanded with our opinion duly endorsed thereon.